## JACOB DAVIDSON, Appellant, *against* JACOB BLUMOR, Respondent.

### (Decided May 21st, 1877.)

Where the plaintiff had orally leased premises to the defendant for the term of a year, and afterwards an agent of the plaintiff's for collecting rent, collected a month's rent in advance and gave a receipt therefor, which stated that the letting was for a month only and that the term would expire on the first of the next month, and the plaintiff had received the rent so collected, but had given no authority to the agent to give such a receipt:—*Held*, the clause in the receipt as to letting for a month was not a recission of the yearly renting and a new letting for a month, under which the defendant would have a right to quit the premises at the end of that month and avoid payment of further rent.

APPEAL by plaintiff from a judgment of the Second District Court in the city of New York.

The action was to recover $41 69, rent for the month of

April, 1875, of premises in New York city, upon a hiring for a year from May 1st, 1874. The defendant put in a general denial, and upon the trial sought to show that the letting was a monthly letting, 'and that his term had expired on April 1st, 1875, and did show, without contradiction, that he had vacated the premises before that time.

To show that the term expired on April 1st, 1875, the defendant put in evidence a receipt for the rent for March, 1875, in the following form (the parts in italics only being written):

New York, *March 1st*, 1875.

Received from Mr. *Jacob Blumor* the sum of *Forty-one* Dollars *67* Cents, being in full for one month's Rent, due in advance, for *upper front* in House No. *172 Canal St.* in the city of New York, and it is expressly understood that the letting is for one month only, and is to expire on the first day of *April* next.

*Jacob Davidson,*
J. D.

The facts brought out on the trial in connection with this receipt and the ruling of the justice thereon are stated in the opinion.

The defendant also attempted to show that the plaintiff had accepted the surrender of the premises, and put a tenant in before the expiration of the month of April, 1875, and upon this there was conflicting evidence.

CHARLES P. DALY, Chief Justice.—This judgment will have to be reversed. The testimony of both the plaintiff and the defendant was to the effect that the premises were hired for a year, the rent being payable monthly in advance. There was no conflict between them as to the fact that the letting and renting was for a year, and it is evident from the ruling of the justice that he regarded the receipt for the month of March as conclusive upon the plaintiff, because it contains the words, " it is expressly understood that the letting is for one month only, and to expire on the first day of

Davidson v. Blumor.

April next." If this receipt had been signed by the plaintiff, it might have been conclusive as against him, so as to preclude him from showing by parol that the hiring was for a year. But the defendant himself admitted that he had hired for a year, and even if he had not, the receipt would not stop the plaintiff from showing that that was the fact. The receipt was signed in the plaintiff's name by his son, who was not shown to have any authority to vary the terms of the lease. The receipt was a printed form and the words referred to were a part of the printed form. It was the ordinary form of a receipt for premises let by the month. All that was in writing being the date, the name of the tenant, the number of the house, the street, the amount of the monthly rent, and the landlord's name, to which the son affixed his initials. For all that appears, the son may have known nothing about the period for which the premises were hired, or may have supposed that the letting was by the month only. He was authorized only to collect the rent. He swore expressly that he had no authority to give such a receipt, and as an agent for collecting rent he had no authority, in giving a receipt for it, to sign a receipt for the plaintiff in this printed form with such a stipulation in it. It was a mistake on his part, and in no way binding upon the plaintiff. The judge, under the plaintiff's exception, excluded the plaintiff from giving any testimony except as to what took place after the receipt was given, showing very clearly that he regarded the printed stipulation in the receipt as binding the plaintiff, and conclusive upon him.

There was conflict as to whether the landlord let the premises before the first of May, or rather as to whether the new tenant went into possession with his assent or authority before the time; but it is evident that the justice did not put his decision upon the ground of a surrender. If he had, his judgment might have been conclusive. We cannot say that he believed the testimony of the new tenant and disbelieved that of the landlord. For all that we know, he may never have considered the question of surrender at all, as he regarded the receipt as settling what the terms of the tenancy

were, and placed his decision and judgment upon a ground that was clearly erroneous. The judgment is, therefore, reversed.

ROBINSON and LARREMORE, JJ., concurred.

Judgment reversed.

