(3 Misc. Rep. 95.)

### RANGER v. BACON et al.

(Common Pleas of New York City and County, General Term. March 6, 1893.)

1. LEASE—SURRENDER AND ACCEPTANCE.

In an action for rent reserved in a sealed lease, it appeared that the lessees assigned the lease to C., with the written consent of the lessor, as required by the lease. C. covenanted to assume the rent, and thereafter the lessor, with the knowledge of the assignment, accepted the next month's rent from C. *Held,* that such facts do not, as a matter of law, establish a surrender and acceptance of the lease.

2. SAME—SUBSTITUTION OF TENANTS.

Nor does the substitution of one tenant in the place of another operate, as a matter of law, to discharge the latter from future performance of his express covenants.

Appeal from ninth district court.

Action by Rachel Ranger against John G. Bacon and Claude V. Fuller on express covenants in a sealed lease to pay rent. There was judgment for plaintiff, and defendants appeal. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

David Welch, for appellants.
Wayland E. Benjamin, for respondent.

BISCHOFF, J. The action was by the lessor against the lessees, under a sealed lease, to recover upon the latter's express covenant to pay rent. The facts are unchallenged, and the controversy relates only to the legal conclusion which is properly deducible therefrom. It appeared that the lessees assigned the lease to one F. C. Cannon, with the written consent of the lessor thereunto, required by the terms of the lease. Cannon covenanted to assume the rent, and to perform all the covenants and conditions which the lessees had undertaken to perform. Thereafter, with knowledge of the fact of the assignment, the lessor accepted the next succeeding month's rent from the assignee. On the trial defendants contended that they were discharged from liability for rent after the assignment of the lease, and acceptance by the lessor of rent from the assignee. The justice below held otherwise, and, from a judgment for plaintiff, defendants appeal.

The judgment is unassailable. It does not plainly appear that the defense of surrender and acceptance of the lease was pleaded. Assuming, however, that it was, the facts do not, as matter of law, establish it. The assignment of the lease, and the assumption by the assignee of the lessees' covenants, are not inconsistent with the continued vitality of the lease, if the assignee's covenant be regarded as additional security only. Hence, no intention to accept a surrender of the lease will be inferred. Smith v. Kerr, 108 N. Y. 31, 15 N. E. Rep. 70.

Nor does the substitution of one tenant in the place of another operate, as matter of law, to discharge the latter from future performance of his express covenants. Port v. Jackson, 17 Johns. 239, 479; Phelps v. Van Dusen, 3 Abb. Dec. 604; Harmony Lodge v. White, 30 Ohio St. 569; Gas Co. v. Johnson, (Pa. Sup.) 16 Atl. Rep.

799, 10 Amer. St. Rep. 553, and cases collated in the note, pages 559, 562. It is apparent from his citation of cases that defendants' counsel does not distinguish between express covenants and implied covenants. The latter arise from the privity of estate, and are extinguished when the privity ceases. The former, however, continue until discharged by performance, or agreement founded upon sufficient consideration, unless the estate demised is determined by the landlord's re-entry. The judgment should be affirmed, with costs.