(11 Misc. Rep. 317.)

### WALLACE v. DINNINY.[1]

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

   The authority of an agent to rent premises, to receive the rents, to give receipts in name of owner, to indorse checks given for rent, and to allow deductions from rent for expense of repairs made by tenants, but not to execute leases, does not include authority to substitute a new tenant in a lease under seal for more than one year.

2. LEASE—SURRENDER—EVIDENCE.

   Surrender of a lease containing an express covenant to pay rent cannot be inferred from the mere fact of occupancy by an assignee of the lessee and the acceptance of rent from the assignee by the lessor.

Appeal from city court, general term.

Action by Ruth A. Wallace against Ferrel C. Dinniny, Jr. From a judgment of the city court (30 N. Y. Supp. 830) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John J. Adams, for appellant.
George W. McAdam, for respondent.

[1] Motion for reargument denied. See 32 N. Y. Supp. 1150.

BISCHOFF, J. This action was brought to recover rent due under a written lease for the term of five years. The answer set up an assignment of the lease to the Thompson Hydraulic Company by defendant, and alleged that such assignee had been accepted as tenant by the plaintiff. Upon the trial, judgment was directed in favor of the plaintiff for the amount claimed. The evidence showed that the lease in suit was executed by the plaintiff, but that the negotiations leading to the leasing were had through David Wallace, her husband, as her agent, and that it was with this individual alone that the conversations and transactions whereby a subsequent surrender was sought to be shown took place. It appears that this agent had authority to rent the premises, but not to execute a lease; to receive the rent, and give receipts in the name of the plaintiff; to indorse checks so received; and also to allow deduction from the rent for the expense of minor repairs made by a tenant.

It is claimed that there was evidence sufficient to call for a determination by the jury of the question whether or not Mr. Wallace had actually accepted a surrender of the lease; whether or not the plaintiff had agreed to the substitution of the new tenants, by accepting rent from them through her duly-authorized agent; and whether Mr. Wallace's agency was of an apparent scope sufficient to constitute him a general agent. From an authority to make a contract, no implication is to arise of an authority to cancel and surrender it (Stilwell v. Insurance Co., 72 N. Y. 392); and an agent to rent premises and collect rent, at least where the lease made is for a term of more than one year, and under seal, has no implied power to consent to the substitution of a new tenant (Wilson v. Lester, 64 Barb. 431). When there is an express covenant to pay rent, no surrender of the lease is to be inferred from the mere fact of occupancy by an assignee of the lessee, and the acceptance of rent from the assignee by the lessor. Ranger v. Bacon, 3 Misc. Rep. 95, 22 N. Y. Supp. 551. It must be proved that the lessor and lessee mutually agreed to a surrender of the term. Bedford v. Terhune, 30 N. Y. 464. The facts in evidence do not, we think, justify an inference that Mr. Wallace's apparent authority was that of a general agent. The scope of his acts with regard to the defendant was confined to the making of leases and the acceptance of rent, and there was nothing to raise an implication that he had the power to enter into an agreement for the surrender of the lease which could bind his principal. Moreover, assuming that he had such power, nothing in the evidence would support a finding that he agreed to a surrender, either expressly, or by implication from his acts. True, he acquiesced in the assignment, and accepted the rent received from the assignees (Ranger v. Bacon, supra); but this, of itself, did not operate as a release of the lessee's obligation under his covenants, and the fact that he suggested to the assignees that a lease be made directly with them, to which they refused assent, has rather an effect in negation of the assumption that the lessee's covenants under the lease had been surrendered. It appears, then, that upon the questions which the appellant asked to have submitted to the jury, viz. whether the original lease was surrendered, and whether a new lease was not

made, and new tenants accepted, there was nothing in the evidence which could support a favorable finding by the jury, and the direction of a verdict was proper.

We have examined the exceptions taken to rulings upon evidence, and find no prejudice to the appellant. Judgment affirmed, with costs. All concur.