·(18 Misc. Rep. 454.)

### LENANE v. MAYER.

(Supreme Court, Appellate Term, First Department.   November 25, 1896.)

.SURETY ON LEASE—DISCHARGE OF SURETY.
　　A surety on a lease is not discharged by a reduction of rent by the landlord, and an agreement that the lease should be discontinued as to part of the premises where both changes were made on request of the surety.

Appeal from First district court.

Action by Thomas Lenane against Ludwig Mayer. Judgment was rendered in favor of plaintiff for a part only of his claim, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. B. Wesselman, for appellant.

S. Campbell, for respondent.

McADAM, J.   The action was (1) against the defendant, as surety, for rent of three rooms in premises No. 59 North Moore street, this city, from March 1, to June 1, 1896, at the rate of $10 per month; and (2) to recover a water tax for the bar of store and other rooms in the said house, leased to the defendant as tenant, amounting to $67.10.   The justice rendered judgment in favor of the plaintiff for the second item, and no appeal has been taken by the defendant.   As to the first item, for rent, the complaint was dismissed, and it is from this branch of the case the plaintiff appeals.

As to this first claim it appears that on May 6, 1892, the plaintiff leased to one Wilhelm Meyer six rooms in the premises aforesaid, for five years from June 1, 1892, at $288 per year, payable monthly, in advance, and that the defendant, simultaneously with the execution of the lease, became surety for the rent.   Wilhelm Meyer, who occupied the rooms, thereafter assigned the lease to one Frederick Fink, and Fink subsequently assigned it to James McKee, and the defendant executed consents to the assignments and agreements to continue his liability as theretofore.   The defendant had also assigned to Fink, and Fink to McKee, the lease of the store, on which the defendant was liable as lessee.   The transfers to McKee were made in July, 1894.   He did not require the six rooms, whereupon the defendant went to the plaintiff, and induced him to "take three rooms off his hands," and to make the rent of the three remaining rooms $10 a month, or $120 a year, at which rate the defendant paid the rent up to March 1, 1896.   The defendant did not deny making the arrangement stated, but asserted a mere want of memory as to what had occurred.   He admitted paying the rent from July, 1894, to March 1, 1896, and said he did so because he thought he had better pay than fight.   The agreement which discharges a surety is one made by a creditor with his debtor without consulting the surety, and for the reason that the surety never made himself a party to the new understanding.   Paine v. Jones, 76 N. Y. at pages 278, 279. Here it was made by the creditor directly with the surety, and he cannot be heard to complain of it.

The defendant now contends that, because three of the rooms were given up, the lease was canceled, and his liability as surety thereon discharged.   Such a construction would not be in accordance with the manifest intentions of the parties.   When the plaintiff agreed to take three rooms off the defendant's hands, it negatived the idea that he was taking six, or was canceling the lease.   The implication was that the three not taken off his hands were to remain on,—that is, under the old arrangement, lease, and suretyship; the only other modification being as to the amount of rent, which was fixed at $120

a year, instead of $288, as theretofore.    Coe v. Hobby, 72 N. Y. 141; Witbeck v. Waine, 16 N. Y. 532; Clark, Cont. 610.

While it was competent for the parties to have made a new contract of hiring, abrogating the lease and suretyship (McCreery v. Day, 119 N. Y. 1, 23 N. E. 198), such a result was not accomplished by anything which appears by the evidence contained in the justice's return.    The receipt given for the February, 1896, rent was signed by Mr. Morris, the plaintiff's collector, and cannot alter the terms or legal effect of the contract then existing between the parties.    Davidson v. Blumor, 7 Daly, 205.    The return does not disclose a conflict, but rather a confusion, of evidence.    Upon the proofs adduced, the plaintiff was entitled to a judgment for the March, April, and May rent, and it was error to disallow this portion of the plaintiff's demand.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.