(34 Misc. Rep. 546.)

### IRELAND v. HYDE et al.

(Supreme Court, Appellate Term. April 16, 1901.)

1. MODIFICATION OF LEASE.

   An agreement that rent for the month in which a fire occurred should be apportioned, and no rent charged until the premises were restored to their original condition, in consideration of defendants remaining therein after suitable repairs, was based on a sufficient consideration.

2. SAME—LANDLORD'S AGENT—AUTHORITY.

   Where a landlord's agent was the general manager of his affairs, and leased premises under a monthly tenancy, he had authority to modify such lease after a fire by agreeing that in consideration of the tenants remaining in the premises after repairs, no rent should be charged until the premises were restored to their original condition.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by John De C. Ireland against Harry W. Hyde and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Henry Goldstein, for appellant.

George C. Coffin, for respondents.

LEVENTRITT, J. This judgment must be affirmed. All but one of the questions argued by the appellant are disposed of by the finding of fact of the justice below. The action was for three months' rent under a monthly tenancy at a stipulated rental. The defense was that, as a result of a fire, access to the premises occupied by the defendants was made difficult, seriously interfering with the conduct of their business, and that, as a consideration of their remaining in the premises after suitable repairs had been made, it was agreed that the rent for the month in which the fire occurred should be apportioned, and that no rent should be charged until the premises should have been restored to the original condition. There thus being valid consideration for the modification of the terms of the original letting, and the justice having seen fit to give credence to the defendants' version of the agreement, his finding of fact should be accepted, inasmuch as there is nothing in the record to establish that injustice has been done. It has been held too often to need citation of authority that an appellate court will not disturb the decision of a trial justice who had the parties before him, and who was presumably better able to judge of the credibility to be accorded to the several versions of a transaction, merely because it might have reached a different conclusion on a reading of the evidence.

The appellant also urges the proposition that an agent to collect rents has no power to alter or vary the terms of the original hiring or letting, either as to rent or tenure. This is unquestionably the rule in the case of an agent with special and limited authority to collect rent. Davidson v. Blumor, 7 Daly, 205; Fleming v. Ryan, 9 Misc. Rep. 496, 30 N. Y. Supp. 224. But plaintiff's agent was a general, not a special, one. According to the testimony adduced on behalf of the plaintiff, the agent was the "general manager" of his affairs, and fixed the terms of the original letting. On this evidence it must be held that his representative had full authority to make the new agreement which the finding establishes to have been made in fact.

Judgment affirmed, with costs. All concur.