## BARKLEY v. HOLT.

(Supreme Court, Appellate Term. November 18, 1903.)

1. AGENCY—AUTHORITY TO LEASE.
    An agent's authority to lease premises and collect rents does not imply authority to accept surrender of a lease.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles R. Barkley against Joseph A. Holt. 'From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Wilmer & Caufield, for appellant.
Jellenik & Stern, for respondent.

BLANCHARD, J. The plaintiff brought this action against the defendant upon a written lease to recover a month's rent of certain premises. The defense was a surrender of the lease by the defendant and its acceptance by the plaintiff. The evidence in the case does not sustain the contention of the defendant. On the contrary, the documentary evidence tends to show, and we think does show, presumptively, at least, that the plaintiff refused to accept the surrender of the lease. Admitting the conversation between the agent of the premises and the defendant as testified to by the defendant and the witness called to corroborate him to be in all respects true, it fails to establish a legal surrender of the lease and its acceptance by the plaintiff. There is no evidence in the case that the plaintiff's agent had any authority to accept a surrender of the lease. A mere authority to lease and collect rents does not imply authority to accept surrender of a lease. Stilwell v. Mutual Life Ins. Co., 72 N. Y. 385. See, also, Wallace v. Dinniny, 11 Misc. Rep. 317, 32 N. Y. Supp. 159.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.