## GOLDSMITH v. SCHROEDER.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

**1. AGENTS—AUTHORITY TO MODIFY LEASE—ACCEPTING SURRENDER.**

Agents of a landlord who have authority to modify leases made by them for her without consulting her may, for a valuable consideration, accept a surrender of leased premises, and waive a provision of the lease that no surrender shall be valid unless accepted by the landlord in writing.

**2. SAME—EVIDENCE.**

A witness testified that his firm had been acting as agent for plaintiff in relation to her apartment house; that he collected the rent for her, and made repairs on her property; that, when he rented an apartment for plaintiff, he sent a lease to her for her signature; that his firm managed the property for her; that, after the lease to defendant of an apartment therein was executed, his firm agreed with defendant to reduce the rent from $1,500 to $1,400 a year; and that from time to time, without conference with plaintiff, witness ordered repairs and modified the terms of leases of the house. *Held*, that this authorized a finding that the agents

had authority from plaintiff to modify leases, or to accept a surrender of property leased.

**3. LEASE—SURRENDER—EVIDENCE.**

Evidence that, a few months after plaintiff had leased an apartment to defendant for 1½ years (rent not being payable till the end of each month), defendant told plaintiff's agent, who had authority to modify the lease or accept a surrender of the leased property, that she would give up the apartment, and that she would pay a month's rent in advance, and that would give him an opportunity of renting it, and that he took the money, saying, "All right;" that she moved out before the 1st of the next month; that plaintiff took possession, and about three months thereafter, without notice to defendant that it was for her account, leased the premises for a term extending beyond defendant's term; and that no claim or demand was made on defendant for rent till after the end of the time for which she leased—authorizes a finding that there was an actual surrender of the lease, and an acceptance by the agent of a month's rent in advance as consideration for the ending of the term at the end of that month.

**4. SAME—RENT—WHEN PAYABLE.**

Under a lease by which the lessee agrees to pay an annual rent of $1,500, payable in equal monthly payments on the 1st day of each and every month during the term, the rent is not payable in advance, but on the 1st of each month for the rent that has accrued for the preceding month.

Appeal from Trial Term, New York County.

Action by Theresa Goldsmith against Lora C. Schroeder. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William T. Read, for appellant.
Nathan Ottinger, for respondent.

INGRAHAM, J.　There are two causes of action alleged in the complaint, both based upon a lease by the plaintiff to the defendant of certain premises therein described.　A copy of the lease is annexed to the complaint, and by it the plaintiff leased to the defendant an apartment in the house No. 2 West Ninety-Fourth street, in the city of New York, for the term of 1 year and 7½ months, commencing February 15, 1902, and ending October 1, 1903, at an annual rent of $1,500, payable in equal payments of $125 on the 1st day of each and every month. The lease contained a provision by which, "in case of default in any of the covenants, the landlord may resume possession of the premises, and relet the same for the remainder of the term at the best rent that she can obtain for account of the tenant, who shall make good any deficiency," and that "No surrender before the expiration of the term demised, of the flat herein leased to said tenant, shall be valid unless accepted by the landlord in writing."　By the first cause of action the plaintiff seeks to recover the rent for the months of September, October, November, and December, 1902; and for a second cause of action it is alleged that the defendant failed to pay the rent provided for in said agreement, and that by reason of such failure, and on or about the 1st day of January, 1903, the plaintiff, pursuant to the terms, conditions, and provisions of said agreement, re-entered the premises

therein described, and took possession thereof as agent of the defendant, and not otherwise, and rented the said premises for the account of the defendant at the rate of $1,200 per annum; and the plaintiff seeks to recover the difference between the amount received from the 1st of January to the 1st of October, and the amount that the defendant agreed to pay for that term. The defendant admits the making of the lease, denies certain of the allegations of the complaint, and alleges as a separate defense that, before the rent claimed in the complaint became due, the defendant surrendered to the plaintiff the demised premises and all the residue of the unexpired term, and the plaintiff accepted such surrender and took possession of the premises.

The case coming on for trial before the court and a jury, the plaintiff proved that the defendant took possession of the premises prior to the 15th of February, 1902; that she paid rent up to the 15th of September, but had not paid anything since; that she vacated the premises in the early part of September, 1902; that the agent of the plaintiff then endeavored to procure a tenant for the premises, and succeeded in renting the same for the account of the defendant on the 9th of December, 1902. This lease of the premises was at the rate of $1,200 a year from January 1 to October 1, 1903, and $1,500 for the year extending from October 1, 1903, to October 1, 1904. The plaintiff having rested, the defendant testified that in the early part of August she had a conversation with Smith, the plaintiff's agent, at which she said that, on account of her children, she was going to the country, and would give up the apartment; that she would pay one month's rent in advance, and that would give him an opportunity of renting it; that he took the money, and said "All right," or "Very well," and gave her a receipt, which was introduced in evidence. That receipt was dated August 25, 1902, and was for the rent from August 15th to September 15th. She further testified that there was nothing else said; that prior to the 15th of September she removed her furniture from the apartment; and that no claim or demand was made upon her for the rent from that time until the commencement of an action. Smith testified that his firm had been acting as agent for the plaintiff in relation to the apartment house in question; that he collected rent for the plaintiff, and made repairs upon her property; that, when he rented an apartment for the plaintiff, he sent a lease to the plaintiff for her signature; that his firm managed the property for the plaintiff; that after the lease was executed his firm agreed with the defendant to reduce the rent from $1,500 to $1,400 per annum, and wrote a letter to the defendant, in which it was stated that "it is understood between us that your actual rent for the 5th flat South at 2 West 94th Street is to be $1,400 per annum, or $116.67 per month"; and the witness stated that this phrase in the letter, "it is understood between us" referred to an understanding between his firm and the defendant; that from time to time, without conference with the plaintiff, the witness ordered repairs and modified the terms of the leases of the house; and the witness did not deny a conversation with the defendant to which she testified. After the defendant rested, the plaintiff's counsel moved to strike out the testimony of the defendant in regard to the conversation with Smith in

which he said "Very well" to the request that the plaintiff pay a month in advance and give up the apartment, on the ground that there was no evidence that the agent was authorized to accept any surrender, and also upon the ground that the lease provides that a surrender can only be had by an acceptance on the part of the landlord in writing. That motion was granted, and the defendant's counsel excepted. The defendant's counsel then asked to go to the jury on the question as to whether Smith was such general agent of the plaintiff as to be authorized to accept the surrender, and as to whether or not they did actually accept a surrender, of the premises. The court denied this motion, the plaintiff excepted, and the court thereupon directed a verdict for the plaintiff.

Upon this evidence it was competent for the jury to find that these agents had authority from the plaintiff to make leases of the premises, to modify leases when made, or to accept a surrender of the property leased. If they had a right, as plaintiff's agents, to modify a lease by reducing the rent, they certainly had authority to modify the lease by accepting a surrender of the premises, and a right to modify or waive the written provision in the lease that no surrender would be valid, except in writing. The effect of the agent's testimony was that he had authority to modify leases made by him on the part of the plaintiff without consulting with her; and an agreement for a surrender of the premises, based upon a valid consideration, would certainly be no greater modification of the lease than an agreement to reduce the amount of rent $100 a year, which it was conceded that the agent did on behalf of the plaintiff. It was error, therefore, to strike out the testimony of the defendant as to the agreement with Smith.

We think, also, that it was, upon this evidence, a question for the jury as to whether or not there was an actual surrender of the lease, and an acceptance by the agent of rent in advance for the month ending September 15th, as a consideration for this agreement to end the term on that day. If the defendant called upon the agent of the plaintiff in August, and said that she would give up the apartment, and would pay one month's rent in advance, to give him an opportunity of renting it, and if the agent said that, was all right, and accepted the payment of one month's rent in advance, and the defendant, acting on the agreement, delivered possession of the premises to the plaintiff, who, under the agreement, took possession of the premises, and, without notice to the defendant that it was for her account, rented them for a term extending beyond the defendant's term, there was evidence to justify a finding that the agent, for a valuable consideration, had accepted a surrender of the term from the 15th of September. The consideration for this surrender was the payment of the rent in advance, when no rent was due until the 1st or 15th of September, and the delivery of possession of the premises by the defendant. This was, in effect, a new agreement, which modified the lease. It was based upon a valid consideration, and by it the term demised was to end on the 15th of September, 1902, instead of the 1st of October in the following year; and if the agent had authority to make such an agreement, and did in terms make it, I can see no reason why it should not have the effect

of terminating the obligation of the defendant to pay the rent for a period after September 15, 1902. If this agreement was made, certainly the defendant could not be held responsible for the rent after the plaintiff had taken possession of the premises, without some notice to her that the understanding would not be carried out. There was no provision in the lease that the rent was payable in advance. The defendant agreed to pay an annual rent of $1,500, payable in equal monthly payments on the 1st day of each and every month during the term, but this is not stated to be in advance. The payment was to be made on the 1st day of each month for the rent that had accrued for the preceding month. I think, therefore, that upon the testimony there was evidence to justify the jury in finding that Smith was the agent of the plaintiff, and had authority to make and modify leases for the premises in question, and that the evidence of the defendant as to the agreement was competent under her defense, and that it was competent for the jury to find that the lease was modified by making it, and on the 15th of September, 1902; and, if the defendant delivered the possession of the premises to the plaintiff or her agent under the agreement, the liability of the defendant for rent ceased on the 15th of September, 1902, and the plaintiff was not entitled to recover. It follows that it was error to strike out the testimony of the defendant as to her agreement with Smith, and that, upon the evidence, that was a question for the jury.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN and HATCH, JJ., concur.

LAUGHLIN, J. I concur in the result upon the ground that even though the agent, in view of the express provision of the lease regulating the method of surrender, was not authorized to accept a surrender of the premises, yet, the landlord having subsequently accepted possession, this constituted a ratification of the terms of surrender, which presumably were communicated to him. The subsequent possession of the landlord was obtained through the arrangement made by the tenant with his agents. He could not accept part and repudiate part—at least, not without first notifying the tenant and giving her an opportunity to pay the rent. But for the attempted surrender to the agent, the landlord could not have obtained possession.