FLEISCHMANN REALTY & CONSTRUCTION CO. v. MORISON.

(Supreme Court, Appellate Term. May 5, 1904.)

1. LANDLORD AND TENANT—ACTION FOR RENT—SURRENDER OF LEASE—EVIDENCE.

In an action by a landlord for rent, evidence *held* to warrant a finding that the lease had been surrendered by the tenant and accepted by the landlord.

Action by the Fleischmann Realty & Construction Company against David Morison. From an order setting aside a verdict for defendant and granting a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Henry Tompkins, for appellant.
Hays & Hershfield, for respondent.

LEVENTRITT, J. The verdict of the jury was clearly right. The plaintiff sued to recover an installment of rent for the month of October, 1903, under a lease expiring on January 1, 1904. The defense was that there was a surrender and acceptance of the lease before the October rent fell due. This defense was established. Irrespective of the question whether the lessor's agent had general authority to accept a surrender, there is evidence that she had special express authority so far as the appellant's apartment was concerned. In the course of the surrender the defendant notified the lessor that he would like to be released from his lease, and asked that a new tenant be found. Before September 15th the lessor met the defendant on the street, and told him (to use the lessor's own words), "I thought I might have a tenant for him." On September 15th this prospective tenant examined the apartment, and paid a deposit to the lessor's agent on the premises. A receipt given, dated the 15th of September, specifically mentions the apartment in question. The lessor admitted that he had received the amount of the deposit, and testified on cross-examination as to the authority of the agent: "Didn't you authorize her to let this apartment of Mr. Morison? A. I think I did." Substantially the only question that was left for submission to the jury was whether this letting was for the account of the defendant, or involved an acceptance of the surrender. The jury found that it was not for the account of the defendant, but was an independent letting. No other conclusion was justified by the evidence. Goldsmith v. Schroeder (App. Div. M. S. March, 1904) 87 N. Y. Supp. 558. The lessor would not swear that he had informed the defendant that the letting was to be on his account, while the circumstance that suit was brought for the full month's rent without crediting the defendant with the amount of the deposit concededly received from the prospective new tenant would in itself conclusively negative the idea of a subletting.

The jury's verdict was right, and should be reinstated. Order reversed, with costs.

FREEDMAN, P. J., concurs. GREENBAUM, J., taking no part.