MANLEY v. BERMAN et al.

(Supreme Court, Appellate Term. June 30, 1908.)

1. LANDLORD AND TENANT—RENT—LIABILITY ON EXPRESS COVENANT.

Tenants remain liable upon an express covenant to pay rent, notwithstanding an assignment of the lease, even with the landlord's consent, and acceptance of rent thereafter from the assignee, in the absence of evidence of a determination of the tenants' estate upon a sufficient consideration, or by the re-entry of the landlord.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 821–831.]

2. SAME.

Where tenants expressly covenanted to promptly comply at their own cost with all orders, ordinances, and regulations of the departments of the city or state governments applicable to their use of the premises, they cannot claim eviction and freedom from liability for rent because the premises became untenantable and they were evicted by the building department under an order of the Supreme Court, condemning the building as unsafe.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 707, 765, 782–786.]

3. SAME—SURRENDER—ACCEPTANCE—LIABILITY FOR RENT.

Where rent is payable monthly in advance, and tenants hold over past the day on which it is due, they are liable for the rent for the month, though they surrender the premises during the month and the surrender be accepted.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Reuben M. Manley, executor of Mary A. Manley, against Morris Berman and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Manley & Grand (James P. Callender, of counsel), for appellant.
Fried & Fried (Herman S. Fried, of counsel), for respondents.

MacLEAN, J. The plaintiff brought this action to recover rent for certain lofts in No. 230 West Broadway for the month of November, 1907, which by the terms of the lease the defendants, as lessees, had expressly covenanted to pay in advance, and likewise for Croton water charges, to pay their proportion of which the defendants had also expressly covenanted, as they also had expressly covenanted "to promptly comply with all orders, ordinances, and regulations of the departments of the city or state governments, * * * applicable to lessee's use of said premises, at the cost of lessee." After certain denials and admissions in their answer, the defendants alleged that some time prior to the month of November, 1907, they assigned the lease to the firm of Schwartz, Freed & Speyer, and that the plaintiff had notice thereof and afterwards accepted rent from said firm, agreeing to look only to said firm for the rent of the premises, and also accepted a surrender thereof from the defendants. For a second defense the defendants alleged that prior to the 1st of November, 1907, the premises became untenantable and they were evicted by the building department, under an order of the Supreme Court condemning the building as unsafe. Judgment was rendered in favor of the defendants, and therefrom the plaintiff brings this appeal.

Notwithstanding the assignment by the defendants of the lease herein, even with the consent of the landlord, and the acceptance thereafter of rent from the firm of Schwartz, Freed & Speyer, the defendant still remained liable upon their express covenant to pay rent (Ranger v. Bacon, 3 Misc. Rep. 95, 22 N. Y. Supp. 551; Wallace v. Dinniny, 11 Misc. Rep. 317, 319, 32 N. Y. Supp. 159); there being no evidence herein of a determination of their estate upon a sufficient consideration or by the re-entry of their landlord. Upon their express covenant to comply with the orders of the city government they may not claim eviction, and so no liability (Markham v. Stevenson Brewing Co., 104 App. Div. 420, 93 N. Y. Supp. 684); nor may they claim surrender and acceptance by leaving the keys with the stenographer in the office of the plaintiff, so as to defeat the claim of the plaintiff, because the claim for rent was due and owing upwards of two weeks prior to either alleged eviction or surrender and acceptance (Cheesebrough v. Lieber, 18 Misc. Rep. 459, 42 N. Y. Supp. 1122; Stern v. Murphy [Sup.] 102 N. Y. Supp. 797, 798). The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.