· LILLIAN REALTY CO. v. ERDURM.

(Supreme Court, Appellate Term.  January 21, 1910.)

1. PRINCIPAL AND AGENT (§ 100*)—AUTHORITY OF AGENT.

It appeared that an agent had authority to sign leases and a large authority over the premises; that on March 16th he wrote to a tenant, stating that he had rented the premises from April 1st, and inclosed a bill for the March rent; and that on receiving the check therefor the signed copy of the lease would be returned.  *Held* to show that the agent had authority to terminate the lease.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 264; Dec. Dig. § 100.*]

2. EVIDENCE (§ 591*)—CONCLUSIVENESS.

A party, introducing in evidence a letter written by his agent to the adverse party, is bound by the statements contained therein.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443; Dec. Dig. § 591.*]

Giegerich, J., dissenting.

---

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Lillian Realty Company against Frank Erdurni. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Otto B. Schmidt (Raphael Link, of counsel), for appellant.

Cardozo & Nathan (Michael H. Cardozo, Jr., of counsel), for respondent.

LEHMAN, J. The plaintiff sues for rent for the month of March, 1909. The defendant's defense to this claim is a surrender before the rent became due. At the trial the defendant testified to transactions with the plaintiff's agents which certainly were sufficient to raise at least a question of fact whether the plaintiff had not terminated all obligations under the lease by the acceptance of the surrender, provided the agents of the plaintiff had authority to bind the plaintiff. The trial justice gave judgment for the plaintiff upon "the ground that it does not sufficiently appear that the agents had authority to accept any surrender of the premises," and on that ground only.

While the question is not free from difficulty, I think the trial justice erred, and that the defendant had made a prima facie case of authority sufficient to require rebuttal by the plaintiff. It appears that the agents had authority to sign leases, and had a large, if not a general, authority over the premises; that they had on one occasion permitted a substitution of tenants, where it appeared that there could be no injury to their principal by such substitution. It further appears that the agents on March 16th wrote to the defendant, stating that they had rented the premises from April 1, 1909, and therefore inclosed a bill for March rent, and concluded:

"On receipt of your check, we will return to you the signed copy of the lease which we have obtained from the Lillian Realty Company."

This letter was introduced in evidence, not by the defendant, but by the plaintiff itself, and is binding upon it. In view of the offer contained therein to cancel the lease from that date, I do not see how it can be doubted that the agents had authority to modify or to terminate a lease. The defendant made a stronger case of agency than was apparently shown in the case of Goldsmith v. Schroeder, 93 App. Div. 206, 87 N. Y. Supp. 558. The trial justice should therefore have required the plaintiff to produce evidence to meet this proof.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

DAYTON, J., concurs.

GIEGERICH, J. (dissenting). The defendant, as lessee, entered into a written lease with the plaintiff, as lessor, of an apartment in the city of New York for the term of one year from October 1, 1908, at the yearly rent of $540, payable in equal monthly payments on the 1st day of each month during the term. This action is to recover the

rent so reserved for the month of March, 1909. The defense was that the premises had been surrendered in the month of February preceding.

The defendant testified that on the 2d day of February, 1909, he went to the offices of Lawrence & Wolff, the agents through whom he had leased the premises, paid the February rent, and at the same time told Mr. Lawrence, of that firm, that for business reasons it was necessary that he should give up the apartment on the 1st of March; that Mr. Lawrence said this would be all right, as they could let such small apartments very easily, and requested the defendant to tell the janitor to put out the "To Let" sign, which the defendant accordingly did, and the sign was put out the next day. The defendant further testified that during the month of February he showed the apartment to a number of persons, who called to inspect it with a view to renting it, and that on the 23d day of February he was called on the telephone by Mr. Wolff, of Lawrence & Wolff, who asked whether the defendant could get out of the apartment quickly, as he (Wolff) had a tenant who would take possession on the 1st of March and he wanted to fix up the apartment. The defendant, as he testified, replied that he would move on the 25th of February. On the day named he accordingly moved out, and later delivered the keys of the apartment to the janitor, who called and asked for them. None of this testimony was contradicted.

The defendant further proved that on the 12th day of March, 1909, the agents, Lawrence & Wolff, relet the premises to a new tenant, who went into possession on the 22d of March, and whose rent commenced to run from the 1st day of April following. Mr. Lawrence, of the firm of Lawrence & Wolff, called as a witness for the plaintiff, testified on cross-examination that his firm had control of the apartment, collected the rents, and had charge of the employés; but he expressly stated that they had no right to cancel leases without consulting the landlord, and that they always got specific instructions before doing so. The court held that the authority of the agents to accept a surrender of the premises had not been proved, and accordingly gave judgment for the plaintiff.

I think the judgment was right. Unless we hold that the authority of a real estate agent to make leases, collect rents, and assume the ordinary charge of the premises carries with it as a matter of law an apparent authority to cancel the leases he has made on the landlord's behalf, the record presents no error. The authority to make a contract for another does not carry with it either authority or apparent authority to cancel it (Stilwell v. Mutual Life Insurance Co., 72 N. Y. 385, 391, 392; Wallace v. Dinniny, 11 Misc. Rep. 317, 318, 32 N. Y. Supp. 159); and it has been expressly held that an authority to make a lease and collect rents does not imply an authority to accept a surrender (Barkley v. Holt, 84 N. Y. Supp. 957, 958). The testimony in the case at bar is that the agents had no actual authority to cancel the defendant's lease by accepting a surrender, and there is no evidence which would justify us in holding that the plaintiff had conferred any such appearance of authority upon them as to estop it from disputing the binding character of their act in so doing.

The case of Goldsmith v. Schroeder, 93 App. Div. 206, 87 N. Y. Supp. 558, relied upon by the appellant is not inconsistent with the views above expressed. The decision in that case proceeded upon the theory that the testimony showed that the agent had authority to modify leases, and that if he could modify a lease by reducing the rent reserved he must also have had the power to bind the landlord by a modification of the lease in respect to the length of the term. In the case at bar there was no evidence that the agents had any authority to modify a lease, once it was made. So in the case of Ireland v. Hyde, 34 Misc. Rep. 546, 69 N. Y. Supp. 889, also cited by the appellant, there was testimony that the agent was the general manager of the landlord's affairs. The tenancy in that case, too, was from month to month, and there was no question of a surrender involved.

The present case is wholly lacking in any evidence even tending to show a ratification by the plaintiff of the act of its agents in accepting a surrender of the premises and reletting them to a new tenant. It was not shown that any one connected with the plaintiff corporation had any knowledge of what had been done in the matter at any time. I am unable to see how the declaration of the agents in the letter of April 1, 1909, referred to in the prevailing opinion, is of any importance on the question of the extent of their agency. Agency cannot be proved by the mere declaration of the agent. Although the letter was introduced in evidence by the plaintiff, it was only for the purpose of contradicting the defendant's testimony that no demand for the rent had ever been made until a later time.

For the reasons stated, I am of the opinion that the judgment should be affirmed, with costs.