(83 Misc. Rep. 42.)

### ZINWELL CO. v. ILKOVITZ et al.

(Supreme Court, Appellate Term, First District. December 18, 1913.)

1. LANDLORD AND TENANT (§ 208*)—RENT—LIABILITY OF ASSIGNEE AFTER REASSIGNMENT.

Assignees of a lease, who in consideration of the lessor's consent to the assignment and other consideration assumed and agreed to perform the covenants of the lease, became obligated to pay the rent by privity of contract with the lessor, as well as privity of estate; and hence, after an assignment of the lease by them, they were liable for the rent subsequently accruing, since, while this assignment broke the privity of estate, it did not destroy the privity of contract.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 208*)—RENT—LIABILITY OF ASSIGNEE AFTER RE-
     ASSIGNMENT.

> Where assignees of a lease, who had agreed to assume the performance
> of the covenants therein, assigned the lease to persons who executed a
> similar assumption and from whom the lessor thereafter accepted rent,
> the lease was not thereby surrendered, nor a new lease made; nor were
> the original assignees thereby discharged from their liability for the rent,
> as the lessor merely accepted payment through the hands of another of
> the rent reserved by the original lease.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737,
> 821–831; Dec. Dig. § 208.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Zinwell Company against Harry Ilkovitz and another. From a judgment for defendants after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Hays, Hershfield & Wolf, of New York City (Daniel P. Hays and Beno B. Gattell, both of New York City, of counsel), for appellant.

Harris Koppelman, of New York City, for respondents.

PAGE, J. [1] The action was for two months' rent under a written lease. The facts are undisputed. The plaintiff entered into a lease with one Ponzoni, whereby certain premises were rented to him for a term of three years at a yearly rental of $3,150 per year, payable in equal monthly payments, which rent Ponzoni covenanted and agreed to pay. Ponzoni, on or about the 1st day of October, 1912, assigned the lease to the defendants with the plaintiff's consent. The defendants on the same date executed the following:

"For and in consideration of one ($1) dollar and other valuable considerations and the consent to the assignment of the within lease to us, we do hereby jointly and severally, for ourselves, our heirs, executors, and administrators, assume and agree to observe and perform each and every one of the covenants contained in the said lease, and which on the part and behalf of the lessee therein named are to be observed and performed."

The defendants entered into possession under the assignment, and the plaintiff accepted rent from them. Subsequently the defendants assigned the lease to George and Ernest Adams, who went into possession, and the landlord accepted rent from them. Subsequently they assigned the lease to Andrew Veuyenklis, who went into possession and the landlord accepted rent from him. The Adamses and Veuyenklis executed an assumption agreement similar to that executed by the defendants. Rent for the months of May and June, 1913, being unpaid, plaintiff's action is to recover $500 thereof, waiving the remainder.

The learned trial justice dismissed the complaint upon the merits. In this he erred. By the assignment of the lease, together with the agreement on the part of the assignee to assume all the covenants of the lease, not alone did the assignee become obligated to pay the rent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by reason of privity of estate, but also by privity of contract with the lessor. When the assignee, therefore, in turn assigned the lease and his assignee went into possession, the privity of estate was broken; but the privity of contract was not thereby destroyed, and the defendants remained liable upon their contract for the rent that might subsequently accrue up to the end of the term. Jackson ex dem. Church v. Brownson, 7 Johns. 227, 5 Am. Dec. 258; House v. Burr, 24 Barb. 525; Ranger v. Bacon, 3 Misc. Rep. 95, 22 N. Y. Supp. 551.

[2] No surrender of the lease was occasioned by the acceptance of rent from defendant's assignee, even though the assignment was made with the landlord's consent; the defendants were not thereby discharged; there was no new lease made, nor any act inconsistent with the original lease. It was nothing more than accepting payment through the hands of another of the rent reserved by the original lease and in accordance with its terms and conditions. Durand v. Curtis, 57 N. Y. 7; Manley v. Berman, 60 Misc. Rep. 91, 111 N. Y. Supp. 711; Dassori v. Zarek, 71 App. Div. 538, 75 N. Y. Supp. 841.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

Hays, Hershfield & Wolf, of New York City (Daniel P. Hays and Beno B. Gattell, both of New York City, of counsel), for appellant.

