(86 Misc. Rep. 321)

### WILKESBARRE REALTY CO. v. POWELL et al.

(City Court of New York, Trial Term.  June, 1914.)

1. PRINCIPAL AND SURETY (§ 71*)—NEW LEASE—ASSENT OF SURETY.

A surety on an old lease is not continued on a new lease except with his assent to each term thereof.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 117–119;  Dec. Dig. § 71.*]

2. PRINCIPAL AND SURETY (§ 119\*)—SURETY ON LEASE—RELEASE—EXECUTION OF NEW LEASE.

The surrender of an old lease by the lessor and the execution of a new lease, to which the surety on the old lease does not assent, for a portion of the unexpired term thereunder, releases the surety from liability for rent thereafter accruing.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 296; Dec. Dig. § 119.\*]

3. PRINCIPAL AND SURETY (§ 75\*)—SURETY ON LEASE—LIABILITY.

Where a surety on a lease agreed to pay any arrears of rent and all damages resulting from a nonperformance of the tenant's covenants, and the tenant, because of proceedings to dispossess him for nonpayment of rent, removed from the premises during the last month of the term, the surety was liable to the landlord for the rent due and unpaid.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 128; Dec. Dig. § 75.\*]

4. PRINCIPAL AND SURETY (§ 71\*)—SURETY ON LEASE—LIABILITY—REMEDIES.

That the surety on a lease is bound under a renewal clause thereof for obligations accruing after the specified term of the lease does not entitle the landlord to recover against him in an action for rent accruing, after the expiration of such term, where the tenant, prior to such date, has removed from the premises because of the commencement of dispossess proceedings against her; the landlord's cause of action in such case, if any, being for nonperformance of covenants and not for rent.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 117–119; Dec. Dig. § 71.\*]

Action by the Wilkesbarre Realty Company against Mary V. Powell and another. Judgment for plaintiff.

Ernst, Lowenstein & Cane, of New York City, for plaintiff.
White & Case, of New York City, for defendants.

LA FETRA, J. This is an action brought by the plaintiff, the lessor, against the defendants, Mary V. Powell, the lessee, and Thomas J. Creamer, surety upon a lease dated July 11, 1911, to recover rent (not damages for nonperformance of covenants) alleged to have accrued and to remain unpaid from June 1, 1912, to September 30, 1913. The lease, dated July 11, 1911, was for a term of one year and four months, commencing June 1, 1911, and ending September 30, 1912. It contained a renewal clause for a one-year term, commencing October 1, 1912, and ending September 30, 1913. The twenty-first clause reads as follows:

"21st. That this letting and hiring shall be deemed to be and shall be extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby and at the same rental, without any deduction or concession and upon all of the above terms, conditions and covenants, unless either party on or before the first day of June next ensuing after the commencement of any term granted hereby shall give notice to the other by United States registered mail, addressed, if to the tenant, at the premises, or, if by the tenant, to the landlord's agents as above, of an intention to surrender or have possession of the premises, as the case may be, on the first day of the following October. This clause shall be and continue operative likewise with respect to any renewals, extension or extensions thereof."

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The surety executed a separate guaranty clause. On July 10, 1912, another lease was executed in the same form, except the term and the renewal thereof. The term was to commence October 1, 1912, and to end September 30, 1913, and the renewal was for one year from October 1, 1913, to September 30, 1914. The surety did not execute the guaranty clause to the same. Judgment has been entered against the defendant Mary V. Powell by default for the full amount. The defendant Thomas J. Creamer under the first lease agreed, if default should be made by the tenant in the payment of the rent or performance of the covenants, he would pay any arrears of rent and all damages which should arise in consequence of the nonperformance of the covenants. The plaintiff seeks to hold him not only for the arrears of rent to September 30, 1912, but also to and including September 30, 1913. No notice of intention to terminate the first lease was given pursuant to the renewal clause. Whether the landlord requested possession or the tenant failed to give notice of her intention to surrender the premises and thereby obligated herself for a term of one year commencing October 1, 1912, and ending September 30, 1913, is not now an issue. The parties waived the clause and entered into a new lease on July 10, 1912, which provided for a different renewal, i. e., for one year from October 1, 1913, to September 30, 1914. In other words, instead of relying upon the twenty-first clause of the lease of 1911 the parties waived its provisions. Undoubtedly it was intentional on the part of the lessor, as the new lease created an additional renewal term upon default of the landlord exercising its option to take possession of the premises or the tenant in surrending her possession.

[1, 2] The defendant Creamer guaranteed the rentals and performance under the first lease. He did not assent to or become surety under the second lease. Except for the new lease, it is true the lessee would have been obligated to pay the rent for the premises for another year if she had failed to give notice to the lessor of her intention to terminate the first lease, and defendant Thomas J. Creamer would have been liable for arrearages of rent or damages for the nonperformance of the covenants. The guarantor's liability as surety, however, ceased on September 30, 1912, and he was released from any liability or obligation. A surety of an old lease is not continued on a new lease except with his assent to each and every one of the terms of such new lease. The new lease takes the place of the old, and the surety should not be forced into the position of a surety with reference to a lease to which he has not assented. White v. Walker, 31 Ill. 422.

[3] Because of the commencement of proceedings to dispossess the tenant for nonpayment of rent, she removed from the premises some time in September, 1912. The landlord has a cause of action against her for nonpayment of rent for June, July, August, and September, 1912, and the surety is liable under the twenty-first clause of the lease.

[4] But even if a liability exists against the surety as for a renewal under the twenty-first clause, still the landlord cannot recover against him in this action for the rent unpaid after October 1, 1912, as the tenant moved by virtue of the dispossess proceedings against her, and

whatever right of action existed was one for damages and not for rent. McDonald v. Ruggiero, 136 App. Div. 699, 700, 121 N. Y. Supp. 417; Ash v. Purnell, 11 N. Y. Supp. 54; Boehm v. Rich, 13 Daly, 62; Lewis v. Stafford, 24 Misc. Rep. 718, 53 N. Y. Supp. 801.

It is very plainly the implication of the court in the case of Kingsbury v. Westfall, 61 N. Y. 356, that the surrender of an old lease by a lessor and the execution of a new lease for a portion of the unexpired term thereunder releases the guarantor of a lessee from liability for rent thereafter to accrue. In that case the legal principles applicable to the question here involved are stated as follows:

"It is now too well settled to admit of a doubt, that a guarantor, like a surety, is bound only by 'the strict letter or precise terms' of the contract of his principal, whose performance of it he has guaranteed, that he is in this respect 'a favorite of the law' and that a claim against him is strictissimi juris. Wright v. Johnson, 8 Wend. 512, 516. If an alteration be made in a contract 'in a point so material as in effect to make a new contract,' without the consent of a guarantor, he is discharged. Grant v. Smith, 46 N. Y. 93, 96. And if he be then sued on the original contract a good answer is, 'that such contract no longer exists, it having been legally terminated by the altered or substituted contract made by the parties.' People v. Vilas, 36 N. Y. 459, 460 [93 Am. Dec. 520]. These are authoritative statements in varied form, of a conceded cardinal principle, established to save a guarantor from being made liable upon a substituted contract to which he never assented."

In Grant v. Smith, 46 N. Y. 93, we find the following statement:

"If another contract has been substituted for the original contract, or an alteration made in a point so material as, in effect, to make a new contract, without the consent of the surety or guarantor, he is discharged. He may say 'in hoc foedere non veni;' and to charge him, the case must be brought strictly within the terms of the guaranty, when reasonably interpreted."

It quotes with approval the language of Justice Story in the case of Miller v. Stewart, 9 Wheat. 680, 6 L. Ed. 189:

"Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not to be extended, by implication, beyond the terms of his contract. To the extent, and in the manner and under the circumstances pointed out in his obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal."

In People v. Vilas, 36 N. Y. 459, 93 Am. Dec. 520, the principle applicable to the release of a surety is set forth in the following language:

"As between private parties, the law is that any alteration in the obligation or contract, in respect of which a person has become surety without the consent of the latter, extinguishes his obligation and discharges him (Burge on Surety, 214; Theobold, § 132; Wharton v. Hall, 5 Barn. & Cres. 269); and this result follows, irrespective of the inquiry whether the alteration could work any injury to the surety or not. Bangs v. Strong, 4 N. Y. 315. The reason upon which this rule is founded is that the surety has never made the contract upon which it is sought to charge him. His answer is, if it is sought to charge him upon the altered contract, that he never made any such bargain; and if upon the original contract, that such contract no longer exists, having been legally terminated by the altered or substituted contract made by the parties. In either contingency, the answer furnishes a complete defense."

The surety is not liable in this action for nonpayment of rent after the tenant moved, as the cause of action, if any, was for damages for nonperformance of the covenants.

In Slater v. Von Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996, the court said:

"This action is brought not for rent, but for the damages caused by the tenant's failure to observe his covenant."

And in Baylies v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891, the same distinction was noted:

"If we are right in our construction of this covenant, that a re-entry was authorized by summary proceedings, then it is plain that the covenant to pay deficiency in rent accruing after such re-entry survives, and furnished to the plaintiff an independent cause of action for the amount of such deficiency."

It cited McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208, where it was said:

"By the express contract of the parties, a separate and independent cause of action arose under this covenant every month when there was a deficiency ascertained in the manner provided."

I accordingly direct judgment for the plaintiff against the defendant Thomas J. Creamer for the rent of June, July, August, and September, 1912, and interest thereon.

Judgment for plaintiff.