[Civ. No. 3043. First Appellate District, Division Two.—October 8, 1919.]

## WALTER J. SALOMON, Appellant, v. CAWSTON OSTRICH FARM (a Corporation), Respondent.

[1] GUARANTY—CONSTRUCTION—CHANGE IN SUBJECT TO WHICH GUARANTY APPLIES—RELEASE OF GUARANTOR.—The obligations of a guarantor are to be strictly construed; and where, upon default in the payment of rent, the landlord by summary proceedings takes possession of the leased premises and, without the knowledge or consent of the guarantor of the lease, subdivides it, thereby rendering it less rentable, of lower value and incapable of being rented as a single tenement, the guarantor is released.

43 Cal. App.— 30

APPEAL from a judgment of the Superior Court of Los Angeles County. H. T. Dewhirst, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Bond & Babson and Wm. T. Craig for Appellant.

Donald Barker and Arthur R. Smiley for Respondent.

BRITTAIN, J.—The plaintiff and appellant sued the defendant as a guarantor of a lease made and performable in New York. The trial court rendered judgment for the plaintiff for $2,197.48, the unpaid portion of rent for the month of October, 1914, with certain surcharges. The appellant maintains the judgment should have been for $6,045.36, to include the difference between the rental specified in the lease and that received between November 1, 1914, and April 1, 1915.

The appellant leased to the respondent, a California corporation, for five years, the most northerly store and basement thereunder, on the Fifth Avenue side of the Bristol Building, at Fifth Avenue and Forty-second Street, in New York. The single store was seventeen feet wide. The front of the store consisted of the show-windows and entrance, with two stone pilasters. The lease was assigned by the California corporation to a New York corporation of a similar name, and by the latter to a Mrs. Cohen. The landlord consented to each assignment. The trial court accepted the views of the appellant, based on decisions of the New York courts, that the original lessee was the guarantor of each assignee successively for the rents reserved in the lease. (*Manley* v. *Berman*, 60 Misc. Rep. 91, [111 N. Y. Supp. 711]; *Ranger* v. *Bacon*, 3 Misc. Rep. 95, [22 N. Y. Supp. 551]; *Wallace* v. *Dinniny*, 11 Misc. Rep. 317, [32 N. Y. Supp. 159]; *People* v. *German Bank*, 126 App. Div. 231, [110 N. Y. Supp. 291]; *Zinwell Co.* v. *Ilkowitz*, 83 Misc. Rep. 42, [144 N. Y. Supp. 815].) The respondent prosecutes no cross-appeal from the judgment. It is, therefore, unnecessary to consider any change in the legal status of the parties which may have resulted from a later express guaranty by the respondent of the performance of the conditions of the lease by the first assignee. The lease provided that, in the event the landlord

should take possession of the premises by summary proceedings after the default in rent, he should relet the premises or any part thereof, and the lessee should pay the difference between the amount of rent reserved in the lease and that collected as rent of the demised premises.

In October, 1914, Mrs. Cohen, having defaulted in the payment of rent, the landlord took possession under summary proceedings. Prior to that time, at the instance of Mrs. Cohen, he had unsuccessfully made some attempt to rent the premises as they were. After taking possession, he made no effort to rent the premises as a whole, but removed the entire front, and by the removal of the two pilasters increased the glass area four or five feet in width. He also divided the store in two by a longitudinal partition two inches thick and put two doors in the front instead of one, thus changing the demised store into two new stores, each somewhat less than eight and a half feet wide. None of the changes were made because of needed repairs or for the preservation of the premises.

The plaintiff took possession about November 1st. The changes were completed about November 15, 1914. Neither Mrs. Cohen nor the defendant had any knowledge of, or consented to, the changes.

It was found the plaintiff used due diligence in his efforts to obtain a tenant or tenants, and that he did relet the said premises for sums segregated between the two new tenements for various terms between November 1, 1914, and the end of March, 1915. It was further found that the plaintiff thought two smaller stores would be more rentable than one large store. Upon conflicting evidence, the trial court found that certain affirmative allegations of the answer were true. Among these were that by the alterations the premises were so changed that they were not adapted to the use of one tenant; that the premises were more valuable for rental purposes and more readily rentable as one store than as two, and that, if the alterations had not been made, the plaintiff could have obtained in the reletting an amount of rental equivalent to the rental payable under the lease. There was sufficient evidence to sustain these findings. Upon them the trial court concluded that by the summary proceedings and the subsequent acts of the plaintiff the lease was terminated, and that the plaintiff was entitled to recover the net amount of rents,

with surcharges unpaid for the month of October, 1914, in which the plaintiff resumed possession. The implication necessarily follows that the plaintiff was not entitled to the difference between the rents collected and those reserved in the lease after the lease was terminated. The only real question presented on this appeal is whether or not, despite the evidence and the findings, the conclusion of law upon this subject was correct.

The appellant contends that, since under the lease he had the right to relet the premises in whole or in part, he had the further right to divide them into two stores. He relies upon the doctrine announced in New York: "The spirit of the agreement required him to lease again the same subject which he had demised to the first lessee. If he elected to make it more valuable, it was without any authority from the lessee or his surety, the defendant. They cannot complain, as they are not prejudiced by the improvements; if they are benefited by them, it is an advantage which the plaintiff has chosen to confer upon them without any agreement or obligation on their part to reimburse him." (*Hackett* v. *Richards*, 13 N. Y. 138; *McCready* v. *Lindenborn*, 172 N. Y. 400, [65 N. E. 208].)

The respondent maintains that its obligation as a guarantor could not be extended beyond the terms of the guaranty. Under the New York rule, as announced in the quotation just made, the agreement required the landlord to lease the same subject which he had demised to the first lessee. In the present case the landlord entirely changed the identity of the premises demised to the first lessee and created two new tenements. Under the New York case it was held that the lessee and his guarantor could not complain because they were not prejudiced by the improvements to the original premises. In this case the trial court found that the guarantor was injured by the changes which had been made, because the premises thereby became less rentable, of lower value, and incapable of being rented as a single tenement. The appellant argues that the finding of the trial court is not supported by the evidence, because under the present lettings the rentals are twenty thousand dollars per annum, or two thousand dollars a year higher than the highest rentals reserved in the original lease. The lease provided that if increased rentals were collected, the excess over the reserved rents was to be divided

between the lessee and the owner, but the owner reserved the right at any time within six months, by notice, to deprive the lessee of the benefit of this clause. In the present case the landlord sought to recover the deficiency of rentals for the period of six months. The argument, based upon the profits made by the landlord after the expiration of the six months, does not tend to show that he might not have rented the premises originally demised for an amount equivalent to the reserved rentals during the six months. The finding of the trial court upon this subject is conclusive of the appellant's claim in this regard. The utmost the respondent did was to guarantee the deficiency of rentals of the subject of the original lease. [1] In New York, as well as in California, the obligations of the guarantor are strictly construed. Any change made by the person to whom performance is due in the subject to which the guaranty applies, without the knowledge or consent of the guarantor, releases the latter. (*Page* v. *Krekey,* 137 N. Y. 307–314, [33 Am. St. Rep. 731, 21 L. R. A. 409, 33 N. E. 311]; *City of New York* v. *Clark,* 84 App. Div. 383, [82 N. Y. Supp. 855]; *Wilkesbarre Realty Co.* v. *Powell,* 86 Misc. Rep. 321, [149 N. Y. Supp. 209].)

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1919.

All the Justices concurred, except Melvin, J., who was absent.