JAMES J. FARREN, as Surviving Partner of the Co-partnership Firm Composed of NATHAN P. HINMAN and JAMES J. FARREN, Respondent, *v.* LUCY McDONNELL, Appellant.

*Review of a referee's finding of fact — application of payments — presumption of payment from a receipt.*

The power of the General Term on appeal, to review and reverse the finding of a referee upon questions of fact, is rarely exercised where there is sufficient evidence of an unobjectionable character to sustain the report.

While a debtor paying money to a creditor to whom he owes several debts may, at the time of payment, direct the application of the money, yet, if he fail so to do, the creditor may make his own choice as to its application.

The legal presumption of settlement and payment in full, arising from the giving of a receipt and note by a creditor to his debtor, may always be overcome by proof.

APPEAL by the defendant, Lucy McDonnell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of

the clerk of Albany county on the 2d day of March, 1893, upon the report of a referee.

The action was brought by Nathan P. Hinman and James J. Farren, to recover the value of the services performed by them as attorneys and counselors at law at the request of the defendant in two certain actions in the Supreme Court. During the pendency of the action and the progress of the trial Nathan P. Hinman died, and the action was continued, by stipulation of the parties, in the name of James J. Farren as surviving partner.

*Z. S. Westbrook*, for the appellant.

*J. J. Farren*, in person, respondent.

MAYHAM, P. J.:

One of the principal contentions of the appellant on this appeal is that the referee erred on the trial of this action in awarding to the plaintiff's firm too large an amount as the value of their services rendered for the defendant.

As the case stands, the question was purely one of fact determined by the referee upon conflicting evidence.

The action was for professional services rendered by the plaintiff's firm for the defendant, and the value of those services was testified to by eminent lawyers on either side, who assumed to take into account the amount and kind of services rendered, as well as the capacity of the eminent lawyers by whom they were performed, a method usual and proper in determining the value of such services, and while there is a wide margin of difference between the opinion or judgment of the witnesses on the different sides of this case as to the value of their services, we have carefully examined the evidence upon which the respective parties rely in support of their contention, and find abundance of evidence to support the conclusion of the referee as to the value of these services.

The power of this court on appeal to review and reverse the finding of a referee upon questions of fact is not denied, but that power is rarely exercised where there is sufficient evidence of an unobjectionable character to sustain the report.

The rule governing the exercise of that power in the appellate

court is well stated by RUGER, Ch. J., in *Baird* v. *Mayor, etc., of New York City* (96 N. Y. 576) as follows : "In reviewing the determination of a trial court upon questions of fact, an appellate tribunal is not warranted in reversing upon the sole ground that, in its opinion, the trial court should have reached a different conclusion upon conflicting evidence ;  *  *  *  to justify a reversal it must appear that such findings were against the weight of evidence or that the proofs so clearly preponderated in favor of a contrary result that it can be said, with a reasonable degree of certainty, that the trial court erred in its conclusions.

"Any other rule would nullify the peculiar advantage which that tribunal possesses in observing the manner and appearance of the witnesses produced and the various physical and mental peculiarities by which the mind of the professional observer determines the degree of credit which ought prudently to be attached to oral testimony."

It is also contended that payments were from time to time made, as appears by the proof, which should have been applied by the referee upon the claims for services for which this action was prosecuted. But this evidence was met by evidence that these plaintiffs, or one of them, had rendered a large amount of service not contained in the complaint in this action. And it was contended, and the referee in effect finds, that the payment or advancements so proved were applied upon such services ; and the proof of the plaintiff justifies such application of the same ; and as there was no proof of any direction given by the defendant as to the application of the money so paid, the plaintiff was at liberty to apply it on any debt due him at the time of the payment.

The rule is well settled that while a debtor may give direction at the time of payment as to the application of the money, yet, if he fail to do so the creditor may take his own choice as to its application.

This rule is laid down in *Bank of California* v. *Webb* (94 N. Y. 467) by EARL, J., as follows : "A debtor paying money to a creditor to whom he owes several debts may direct the application of the payment because the money is his and he may do as he will with it, and control its application. But the debtor must exercise his option as to the application when he makes the payment ; after that the money has ceased to be his, and is no longer subject to his control.

Then it belongs to the creditor, and he is master of it, and may control its application."

The finding of the referee, that the payments were applied upon other debts of the defendant, was supported by sufficient evidence to uphold it, and with that finding we should not interfere. But the appellant urges that a receipt and note was given by Hinman, which are evidence that the defendant did not owe plaintiff at that time. It is quite true that such transactions are *prima facie* evidence. (*De Freest* v. *Bloomingdale,* 5 Den. 304.) But this *prima facie* evidence may always be overcome by proof. (*Ryan* v. *Ward,* 48 N. Y. 204; *Miller* v. *Coates,* 66 id. 609.)

The legal presumptions arising from these transactions were met by evidence from which the referee might find that they did not establish a settlement or payment in full at the time that they were given.

We have examined the rulings and decisions of the referee on the trial, and the various exceptions taken by the defendant in the case, and find no error for which this judgment should be reversed.

The judgment should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.