### McNULTY v. DUFFY.

(Supreme Court, Appellate Term. July 26, 1899.)

1. APPEAL—REVIEW.

In the absence of the papers on the dispossess proceeding, the finding of the trial court, in an action for the rent, on conflicting evidence as to the amount of rent due at the time the tenant was dispossessed, will not be disturbed.

2. LANDLORD AND TENANT—DISPOSSESSION—RENT.

Where rent is payable monthly in advance under a lease for a year, the landlord may recover a whole month's rent, though the tenant is dispossessed before the expiration of the month.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Michael J. McNulty against Anne Duffy. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Robert Lyon, for appellant.
Thos. Gilleran, for respondent.

LEVENTRITT, J. The lax manner in which this action was tried has resulted in a very confused and unsatisfactory record. It is clear, however, that the recovery granted the plaintiff is excessive. To avoid the necessity of sending the case back for a retrial, with a repetition, possibly, of similar methods and similar results, we have struggled with the testimony to extract such reliable figures as would enable us to modify the judgment in accordance with the requirements of substantial justice. The plaintiff pleaded four causes of action against the defendant, one of which was disallowed by the court, and, as no cross appeal was taken by the plaintiff, it is not before us. The three which were litigated were for work, labor, and services rendered, for breach of contract to pay damages resulting from interference with plaintiff's business, and for breach of contract to pay for the privilege of erecting a platform in front of plaintiff's place of business. As to the first cause of action, the claim of $20.75 is supported by evidence. Though it is, in part, disputed, we shall accept the judgment as solving all disputed questions of fact on all the causes of action in favor of the prevailing party. As to the second cause of action, the plaintiff claims that certain alterations of the premises which the defendant was making caused an interruption in the prosecution of his trade, and that for a period of three or four days he was thereby prevented from transacting any business. The only testimony introduced on this branch to serve as a measure of damages was that his wages account, including his own services, amounted to $35 per week. The outlay pending this enforced idleness for half a week would therefore be adequately reimbursed by the allowance of $17.50. As to the third cause of action, the plaintiff testified that the defendant, through her agent, agreed to pay him at least $30 for permitting the erection of the platform in front of his shop. No greater sum was mentioned, and

the limit of the plaintiff's recovery for that item was consequently $30. On the three causes of action, therefore, the plaintiff was entitled in the aggregate to no more than $68.75. The defense was a general denial and a counterclaim for rent in the sum of $85. Having adopted the conclusions of the justice in favor of the plaintiff's causes of action as such, the general denial need not be further considered. As to the counterclaim, the plaintiff, who was the tenant of the defendant, conceded that $65, the rent for the month of June, 1899, was unpaid. The defendant claimed that the June rent was $75, and that, in addition thereto, there was an unpaid balance of $10 for May. The rent was admittedly payable on the 1st day of each month in advance. Somewhere between the 10th and 15th of June the plaintiff was dispossessed for the nonpayment of the rent accruing on the 1st of that month. The introduction of the papers on the dispossess proceeding would have readily fixed the amount of the plaintiff's liability. In the absence of this controlling proof, we are constrained, under the finding of the justice, to accept the plaintiff's contention that only $65 was due. This entire sum must be allowed as a counterclaim. The entire rent was payable on the 1st of June, and the plaintiff is not entitled to any deduction for the portion of the month subsequent to his dispossession. Code Civ. Proc. § 2253; Cushingham v. Phillips, 1 E. D. Smith, 416; Bernstein v. Heinemann, 23 Misc. Rep. 464, 51 N. Y. Supp. 467. Our conclusion, then, is that, under the construction most favorable to the plaintiff, the evidence will not support the judgment of $53 awarded him. We find that on his three causes of action he is entitled at most to $68.75, and that from this sum there must be deducted the defendant's established counterclaim for rent in the sum of $65, and that the judgment should have been for $3.75, to which sum it will be reduced.

Judgment in favor of plaintiff modified by reducing it to the sum of $3.75, and, as modified, affirmed, without costs to either party. All concur.

