(29 Misc. Rep. 333.)

MARTIN v. LEE.

(Supreme Court, Appellate Term. October 25, 1899.)

LANDLORD AND TENANT—TERMINATION OF LEASE—LIABILITY FOR RENT.

    Under Code Civ. Proc. § 2253, which provides that the issuing of a warrant for the removal of a tenant from demised premises annuls the relation of landlord and tenant, but does not prevent the landlord from recovering rent which was payable at the time of the issuing of the warrant, a tenant under a lease by which the rent is payable monthly in advance is liable for a whole month's rent, though he vacated pursuant to a warrant after the rent was payable, but before the expiration of the month.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by William A. Martin against William J. Lee. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Page & Eckley, for appellant.
Jeroloman & Arrowsmith, for respondent.

MacLEAN, J. This action was brought to recover rent of certain premises for the months of March and April, 1899, payable monthly in advance, under a lease to the defendant for five months, commencing December 1, 1898. The defendant was dispossessed under proceedings begun April 7, 1899, and wherein the final order was made April 11th, and the warrant to dispossess was issued April 14th. On that last-mentioned day the premises were vacated. At the time of the agreement the defendant deposited with the plaintiff the sum of $150 as security for the payment of the rent for the term. This amount credited leaves due, according to the plaintiff's claim, the sum of $150, the agreed monthly rental, with interest.

The defendant contends that he is only liable for rent to April 14th, when the warrant to dispossess was issued and the premises vacated; and he accordingly, on the return day of the summons, filed an order in writing to allow judgment to be taken against him by the plaintiff for $70, together with the costs of this action. The learned justice, however, rendered judgment in favor of the plaintiff for $150, the amount due under the lease on the 1st day of April, and this correctly; for although section 2253, Code Civ. Proc., provides that the issuing of a warrant annuls the relation of landlord and tenant, it directly excepts a case like the present, in that "it does not prevent a landlord from recovering by action any sum of money which was at the time when the precept was issued payable, by the terms of the agreement, as rent for the premises." In fact,

it appears that the section was in part framed to meet just such a case, for it is said of this section, in the report of the senate committee, that it is new in form in accordance with the construction of certain sections of the Revised Statutes established by the authorities, which authorities are cited in the notes of one of the revisers (Mr. Throop), who adds "that the section settles the doubt left by those cases respecting rent due in advance." The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.