## VOGEL v. PIPER.

### (City Court of New York, Special Term. October, 1903.)

**1. LANDLORD AND TENANT—ABANDONMENT BY TENANT—LIABILITY FOR RENT.**

Where a lease contained a covenant that, in case of vacation of the premises and re-entry by the landlord, the tenant should be liable in a sum equal to the rent reserved, less any sum which should be received by the landlord as rent for the premises, the tenant, after abandonment and re-entry by the landlord, was no longer liable for rent as such, but was liable only on the above covenant, which survived re-entry.

**2. SAME—LIABILITY ON SURVIVING COVENANTS—ACCRUAL.**

Under a clause in a lease providing that, in case of the vacation of the premises and re-entry by the landlord, the tenant should be liable in a sum equal to the rent reserved, and payable at the same periods, less any sum which should be received by the landlord for rent for such period, the measure of liability for any monthly period, in case of abandonment and re-entry, was not ascertainable until the end of that period, and the phrase "payable at the same periods"—the rent being payable monthly in advance—was without effect.

**3. SAME—PLEADING—DEFENSES—SURRENDER.**

In an action by a landlord against the tenant on a covenant to pay a sum equal to the rent reserved, less any sum which should be received by the landlord as rent for the premises, a defense that the premises were relet by the landlord, not in good faith, for the benefit of the tenant, but rent free, in order to induce the new lessee to take a longer lease, so that thereby the landlord accepted the tenant's surrender, was properly pleaded as a matter of defense, and not as a counterclaim.

Action for rent by Max Vogel against Augustus B. Piper. On demurrer to a separate defense set up in the answer. Demurrer overruled.

Clarence D. Rogers, for plaintiff.

Henry P. Driggs, for defendant.

O'DWYER, J. The complaint in this action is for rent for the months of August and September, 1903, amounting to $150, for an apartment leased by the plaintiff to the defendant for the term of three months commencing June 1, 1903, and ending October 1, 1903. The first defense set up in paragraph 4 of the amended anwer, to which the plaintiff has demurred, sets up a covenant in the lease which reads as follows:

"If said premises shall become vacant during said term, then the landlord, or any person by his order, may re-enter the same, either by force or otherwise, without being liable for any prosecution therefor; and the landlord may either elect to terminate this lease or term or may relet the said premises at any time, as the agent of the tenant or otherwise, applying the avails thereof, first, to the payment of the expenses of re-entry and the making of such necessary repairs as in the judgment of the landlord shall be necessary, and then to the payment of the rent due and payable by these presents, and the balance, if any, to pay over to the tenant; and the tenant covenants to pay to the landlord any deficiency between the amount received on said reletting and the rent hereby reserved, and it is further agreed that in case of re-entry by the landlord, and whether he shall relet as agent for the tenant or not, the tenant shall be liable for a sum equal to the rent hereby reserved and payable at the same periods, less any sum which shall be received by the landlord as rent of the said premises for said period."

It then alleges that on the 31st of July, 1903, the defendant surrendered the premises and the unexpired portion of his lease, and that on August 1st the plaintiff re-entered and took possession of the premises, and subsequently, on or about August 15, 1903, relet the premises for the unexpired portion of said term to another person.

Where, after condition broken or abandonment by the tenant, the landlord re-enters and resumes possession of the premises, the liability for rent ceases, and the only liability of the tenant is upon the covenants in the lease which survive re-entry, if such covenants exist. "By the entry for condition broken, the estate of the lessee was at an end, and the lessor was in of his former estate. Rent, as such, could therefore no longer accrue to the lessor from the lessee. His liability rested only upon his covenant looking to this very event." Hall v. Gould, 13 N. Y. 127. "When the plaintiff re-entered under the defeasance clause, no further rent, as such, could accrue, for the lease proper was at an end, and the relation of landlord and tenant no longer existed." McCready v. Lindenborn, 172 N. Y. 400, 406, 65 N. E. 208. The clause in this lease shows a recognition of the true nature of the liability:

"And it is further agreed that in case of re-entry by the landlord; and whether he shall relet as agent for the tenant or not, he shall be liable for a sum equal to the rent hereby reserved and payable at the same periods, less any sum which shall be received by the landlord as rent of the said premises for said period."

If the plaintiff had not re-entered, resumed possession, and relet the premises, undoubtedly, as soon as the defendant had failed to pay rent, on the 1st of August, there would at once have been a right of action for the whole August rent, and, similarly, after the 1st of September, for the whole of the September rent. Having re-entered, however, and having relet the premises, he is relegated to his rights under the covenant. Under the covenant the defendant in such case is not liable for the whole rent, but "for a sum equal to the rent hereby reserved and payable at the same periods, less any sum which shall be received by the landlord as rent of the said premises for said period." The measure of the defendant's liability for any monthly period cannot possibly be ascertained until the expiration of that monthly period and the phrase "payable at the same periods" cannot be given any effect, for a requirement that a sum shall be paid at a certain time, which is unascertainable at that time, must be a nullity. See Matter of Hevenor, 144 N. Y. 271, 39 N. E. 393, where the court said:

"By the provisions of the lease, it was open to these appellants, the lessors, to allow the premises to remain vacant, in which case they would have had a valid and certain claim against the assigned estate, for the rent as reserved in the lease, or they could take the other course, and, as the agents of the lessee, relet the premises, and apply the avails in reduction of the rent reserved in the lease. The effect of exercising the latter option was to terminate the agreement to pay the monthly rent, and thereafter to leave the matter of any liability of the lessee to them contingent upon the success which the lessors might meet with in reletting the premises—a liability which, if it arose, could only be finally and definitely ascertained at the expiration of the demised term, while it might not arise at all. * * * The appellants, in their argument, lose sight of the fact that, by their acts in re-entering the premises and reletting them as the agents of the assignor, which they were permitted to do under the lease, they put an end to the fixed obligation under the lease, and

left it for the future to determine whether they would have any claim against him. His liability was changed, and thereafter could only be for a possible deficiency."

"A deficiency accruing after the commencement of the action, but before the trial, cannot be recovered." McCready v. Lindenborn, supra.

The second partial defense states the fact, in addition to those stated in the first partial defense, that the premises were relet by the plaintiff, not acting in good faith as agent of, and for the benefit of, the defendant, but rent free, for the benefit of the plaintiff, and in order to induce the new lessee to take a longer further lease, and that thereby the plaintiff accepted the surrender by the defendant. This acceptance prevented a liability accruing for the September rent, and is properly pleaded as matter of defense, and not of counterclaim.

Demurrer overruled, with costs, with leave to the plaintiff to withdraw the demurrer within six days upon payment of costs. Settle order and decision on two days' notice.