(63 Misc. Rep. 334.)

#### FLANK v. KUHLMANN et al.

(Supreme Court, Appellate Term.   May 27, 1909.)

1. LANDLORD AND TENANT (§ 109*)—LEASES—SURRENDER.

A lessee assigned the lease, after which the lessor sold the premises and transferred the lease to the purchasers, who made a new lease to the original lessee's assignee, reciting the original lease, the transfer of the premises to them, and the transfer of the lease to the assignee, de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

scribing the premises leased to the original lessee, and reciting that the purchasers and the assignee "are desirous of entering into an agreement of letting of the rear portion of said premises, in addition to the premises described in the aforesaid lease," and that in all other respects the terms and agreements contained in the lease referred to were to be made part of the present lease. *Held*, that the last lease was not a surrender of the former one, but merely recognized the assignment and extended the lease to additional premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 354; Dec. Dig. § 109.*]

2. PRINCIPAL AND SURETY (§ 99*)—DISCHARGE OF SURETY—CHANGE IN OBLIGATIONS.

If a lease which provided that it should not be assigned without the landlord's consent was assigned with the consent of the landlord, the lessee's surety would not be relieved from liability because she had no knowledge of the assignments and did not consent to them.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 159; Dec. Dig. § 99.*]

3. PRINCIPAL AND SURETY (§ 99*)—DISCHARGE OF SURETY—CHANGE IN OBLIGATION.

Where such surety agreed that, if the lessee should default in performance of the covenants in the lease, she would pay the rent, she could not escape liability therefor on the ground that the tenant assigned the lease without the landlord's consent; that being a breach of covenant for which she was liable.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 159; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Michael L. Flank against Otto Kuhlmann and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Charles P. Hallock, for appellants.

Rosenthal, Steckler & Levi, for respondent.

SEABURY, J. This action is brought to recover one month's rent alleged to be due under a written lease. The defendant Otto Kuhlmann is sued as lessee and Emma Kuhlmann as surety. The defendant urges two defenses: (1) Surrender of the lease by the assignee of the lessee, and an acceptance of such surrender by the landlord; and (2) that, so far as Emma Kuhlmann, the surety, is concerned, the lease was materially changed, and was assigned without the consent of the surety, and that she thereby became released.

The plaintiff's grantor, Strauss, on November 24, 1902, leased the store on the ground floor of the premises in question to the defendant Otto Kuhlmann for the term of 10 years 6 months, at the annual rental of $1,200 for the first 3 years 6 months and $1,350 thereafter; said rent being payable annually under the terms of the lease. The defendant Emma Kuhlmann signed an agreement of guaranty which was indorsed upon the back of the lease. The lease contained the following clause:

"(4) That the tenant shall not assign this agreement, or underlet or underlease the premises, or any part thereof, or make any alterations on the premises, without the landlord's consent in writing."

On January 19, 1905, Otto Kuhlmann, the lessee named in the lease, assigned said lease to William H. Gerdes by a written assignment. The assignment was made without the consent of Strauss, the landlord, and is claimed to have been made without the knowledge or consent of the surety Emma Kuhlmann. On January 31, 1906, Strauss, the landlord, sold and conveyed the premises to Rappaport and Kolbert, and on the same day assigned the lease to them. On May 9, 1906, Rappaport and Kolbert made a new lease to William H. Gerdes. This lease recites the lease of Strauss to Kuhlmann, and the conveyance of Strauss to Rappaport and Kolbert, and the assignment by Kuhlmann to Gerdes. The lease recites, as does the lease to Kuhlmann, that the portion of the premises rented to Kuhlmann is "the store on the ground floor and front basement of the premises known as 'No. 1695 Madison Avenue.'" It then recites that Rappaport and Kolbert and Gerdes "are desirous of entering into an agreement of letting of the rear portion of said premises, in addition to the premises described in the aforesaid lease." This lease contained the following clause:

"It is hereby agreed between the parties hereto that in every other respect all the terms and agreements contained in the lease above referred to are to be made, and hereby are made, part of this lease, and form part of this lease, and are read into this lease with the same force and effect as if each and every condition and agreement contained therein had actually been inserted into this lease, without any change or alteration whatsoever."

It is upon this clause in the lease that the appellant predicates his contention that a surrender of the Kuhlmann lease was effected by making a new lease of the same premises to Gerdes. The difficulty with this contention from the appellant's standpoint is that it is perfectly evident from the terms of the lease of May 9, 1906, to Gerdes that the same premises were not leased. This lease recognized that Gerdes, by assignment from Kuhlmann, had acquired the premises demised to Kuhlmann, and "in addition to the premises described in the aforesaid lease" it demised to Gerdes "the premises in the rear of the store on the premises." The mere fact that this lease provided "that in every other respect" the terms and conditions of the lease to Kuhlmann should be considered a part of the lease to Gerdes does not justify the contention that the same premises were intended to be demised. The lease to Gerdes makes it perfectly clear that it recognized him as assignee of the premises demised to Kuhlmann, and it also demised to him an additional portion in the same premises which was not covered by the lease to Kuhlmann. To adopt the appellant's contention would do violence to the express language of the lease to Kuhlmann and the lease to Gerdes.

The appellant also contends that the assignment of the lease to Kuhlmann, by Kuhlmann to Gerdes, and by Strauss to Rappaport and Kolbert, and by Rappaport and Kolbert to the plaintiff, without the knowledge and consent of the defendant Emma Kuhlmann, the surety, releases her from liability upon her guaranty. If these several assignments were made with the consent of the landlord, as I think they were, and not in violation of the terms of the lease to Kuhlmann, they did not operate to release the surety, and the fact that she had no

knowledge of them, and did not consent to them, is immaterial. Morgan v. Smith, 70 N. Y. 537. If the assignment by Kuhlmann to Gerdes was made in violation of the clause in that lease against assignment without the written consent of the landlord, I do not think that under the terms of the guaranty the surety can take advantage of this breach of one of the covenants of the lease by Kuhlmann. The guaranty provides as follows:

"I do hereby covenant and agree to and with the party of the first part above named, and her legal representatives, that if default shall at any time be made by the said Otto Kuhlmann in the payment of the rent and performance of the covenants in the within lease on his part to be paid and performed that I will well and truly pay the said rent or any arrears thereof," etc.

The surety should not be permitted to avoid her liability upon the guaranty on the ground that the tenant violated the covenant against the assignment of the lease without the landlord's consent, when by the very terms of the guaranty she made herself responsible for the "performance of the covenants contained in the within lease."

The judgment is affirmed, with costs. All concur.