(137 App. Div. 1.)

BERG v. KAISER et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

LANDLORD AND TENANT (§ 198*)—RENT—LIABILITY OF TENANT AFTER DISPOSSESSION.

    Under Code Civ. Proc. § 2253, providing that the issuing of a warrant for the removal of a tenant cancels the agreement for use of the premises and annuls the relation of landlord and tenant, except that it does not prevent a landlord from recovering by action any money which was, when the precept was issued, payable by the terms of the agreement as rent for the premises, or the reasonable value of the use and occupation thereof, etc., rent payable in advance was recoverable by the landlord after termination of the relationship and removal of the tenant by summary proceedings, where such rent was due before the precept was issued.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Asher H. Berg against Joseph Kaiser and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Nathan Friedman, for appellants.

Meier Steinbrink, for respondent.

JENKS, J. The defendants appeal from a judgment of the Municipal Court against them. The plaintiff rented to the defendants as monthly tenants certain premises at a monthly rental of $75. The tenancy began on May 1, 1909. On May 22, 1909, plaintiff served a notice upon the defendants to quit the premises; but, as the defend-

ants continued in possession, the plaintiff brought summary proceedings, tried on June 7, 1909, which resulted in a judgment for the plaintiff. The defendants were removed on or about June 11, 1909. This action is brought to recover $75 rent for that month of June.

The defendants insist, first, that the plaintiff failed to prove that the rent was payable in advance. The plaintiff, however, testifies without contradiction that when the premises were rented there was the agreement that if they were to continue as monthly tenants the rent should be paid on the first day of each month. The plaintiff further insists that, as the relation of landlord and tenant was terminated at the plaintiff's election, the landlord could not recover rent after such termination. I think that this case is within the purview of section 2253 of the Code of Civil Procedure, which reads as follows:

"The issuing of a warrant, for the removal of a tenant from demised premises, cancels the agreement for the use of the premises, if any, under which the person removed held them; and annuls accordingly the relation of landlord and tenant, except that it does not prevent a landlord from recovering, by action, any sum of money, which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises; or the reasonable value of the use and occupation thereof, to the time when the warrant was issued, for any period of time, with respect to which the agreement does not make any special provision for payment of rent."

Thus it will be seen that the issue of the warrant cancels the agreement and annuls the relationship of landlord and tenant, except that it does not prevent the landlord from recovering by action any sum of money which was at the time the precept was issued payable by the terms of the agreement as rent. Mr. Throop's note to the said section is:

"The first sentence has been taken from Id. § 43, remodeled, and amended by adding the final clause. It covers, also, in its present form, § 60, added to the R. S. by L. 1868, ch. 764 (7 Edm. 336). The remainder of the section is new in form; but it is in accordance with the construction given to the original in Hinsdale v. White, 6 Hill, 507; McKeon v. Whitney, 3 Denio, 452; Crane v. Hardman, 4 E. D. Smith, 339; Cushingham v. Phillips, 1 Id. 416; Davison v. Donadi, 2 Id. 121; Whitney v. Meyers, 1 Duer, 266; except that this section settles the doubt left by those cases, respecting rent due in advance. It seems only just that the issuing of a precept should bar any subsequent claim for advance rent. With respect to a claim for use and occupation, the rule should be different; and accordingly the issuing of the warrant has been fixed as the time for the termination of such a claim."

If $75 for the month of June was by the terms of the agreement payable as rent on the 1st day of that month, it was payable as rent before the precept was issued; hence the statute cited must control. See Michaels v. Fishel, 169 N. Y. 391, 62 N. E. 425. The debt remained due, although the lease was terminated by the dispossession. Cushingham v. Phillips, 1 E. D. Smith, 416, citing Hinsdale v. White, 6 Hill, 507. I think that the judgments of the Appellate Term in McNulty v. Duffy, 28 Misc. Rep. 779, 59 N. Y. Supp. 592, and Martin v. Lee, 29 Misc. Rep. 333, 60 N. Y. Supp. 515, are right, and that the rule there laid down should be applied in this case. The late Justice McAdam, an eminent authority on the law of Landlord and Tenant, animadverts on the judgment in McNulty v. Duffy, supra (volume 3,

McAdam on Landlord and Tenant [3d Ed.] p. 115), and, pushing the principle to the extreme, asks whether it could be possible that, if a tenant leasing premises for years, with rent payable yearly in advance, make default in the first payment, the landlord could on the 4th of the same month dispossess him under a warrant which by express command of the statute cancels a lease, and then recover in an action the entire year's rent in advance? So far as the criticism is based upon cancellation by the statute, I think that it overlooks the fact that, although the statute cancels the agreement and annuls the relation, yet by exception it assures affirmatively the very right to the landlord which is criticised. And so far as the criticism suggests hardship accentuated by the extreme example, that hardship comes from a default of the sufferer in his contract, of which the terms were presumably within his own control when he made it.

The judgment is affirmed, with costs. All concur.