### HEYDECKER v. HOFFMAN et al.

(Supreme Court, Appellate Term. February 8, 1912.)

GUARANTY (§ 49*)—DISCHARGE OF GUARANTOR—CANCELLATION OF AGREE-MENT.

Defendants guaranteed a payment by tenants holding a lease for a term of five years at a rental of $5,000 a year, payable in advance on the 15th day of each month in installments of $416.66, "up to and including the sum of $2,500." At a time when the tenants were liable for a month's accrued rent, they consented to the cancellation of the lease in consideration of the plaintiff's releasing them "from any further liability under the said lease." Held that, as the agreement did not release the tenants from their obligation to pay rent due prior to the agreement, defendant sureties were liable for such rent.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 60; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary A. Heydecker against William Hoffman and another. From a judgment in favor of plaintiff, defendants appeal. Modified and affirmed.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

David Kornblueh, for appellants.
Edward Herrmann, for respondent.

SEABURY, J. The plaintiff sues to recover a balance alleged to be due from the defendants as guarantors of the obligation of Darre

and Barany. On November 15, 1910, the plaintiff and Darre and Barany entered into a lease in writing under the terms of which the plaintiff leased the premises No. 2 West Ninetieth street, borough of Manhattan, city of New York, to Darre and Barany for the term of five years at a rental of $5,000 a year, payable in advance on the 15th day of each month in installments of $416.66. The defendants guaranteed the payment by Darre and Barany of the rent of said premises "up to and including the sum of $2,500." On August 31, 1911, the plaintiff and Darre and Barany signed an agreement of release. That agreement provided that, in consideration of the plaintiff's releasing Darre and Barany "from any further liability under the said lease," the said Darre and Barany consent to the cancellation of said lease.

The issue raised upon the trial relating to the defendants' claim that they had paid $2,500 to the plaintiff under their agreement of guaranty was decided, upon conflicting testimony, in favor of the plaintiff. This issue presented merely a question of fact, and no sufficient reason appears for disturbing the conclusion reached upon it by the court below. The other question presented for our determination relates to the defendants' claim that the agreement of release between the plaintiff and Darre and Barany exonerated the defendants from further liability upon their guaranty. The cancellation agreement was executed and delivered on August 31, 1911. At that time Darre and Barany were liable to the plaintiff for $416.66 for rent which accrued and became due on July 15, 1911. While the cancellation agreement releasing Darre and Barany operated to discharge the principals from their obligation to pay rent for the balance of the unexpired term of the lease, it did not operate to release them from their obligation to pay rent which had accrued prior to that time. Nor could such an agreement exonerate the sureties of the principals from their liability to pay the rent which had accrued prior to the time of the discharge of their principals. In Kingsbury v. Williams, 53 Barb. 142, 154, the court said:

"The surrender of the lease and the release of the tenant from liability for rent for the unexpired portion of the term did not affect the relations of the surety to the principal in respect to the rents previously accrued and then due and payable. The suggestion that he may have relied on the tenant's continuance in possession during the whole term to enable him to pay the rent is speculative. The surety might have insisted on that condition by an express stipulation to that effect, but he did not; and in the absence of such stipulation he must be deemed to have contracted in view of the settled rule of law that a surrender of the term by the lessee does not discharge him from any previous liability for a breach of the covenants of the lease."

The judgment rendered includes $60.90 more than the amount due.

The judgment is modified, by deducting the sum of $60.90, and, as modified, is affirmed, without costs to either party. All concur.