Settle order on notice.

---

(88 Misc. Rep. 586)

### BAKER v. DONLIN.

(Supreme Court, Appellate Term, First Department.  January 26, 1915.)

1. PRINCIPAL AND AGENT (§ 171*)—LEASE—RATIFICATION BY PRINCIPAL.
    Where a principal authorized his agent to lease an apartment, and occupied the apartment leased by her in his name, and paid the rent thereon without attempting to ascertain the terms of the lease, he ratified the lease, though he did not expressly authorize the agent to bind him to certain terms thereof.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644–655; Dec. Dig. § 171.*]

2. LANDLORD AND TENANT (§ 109*)—LEASE—SURRENDER AND ACCEPTANCE.
    A reletting of premises after they have been vacated by the tenant constitutes a surrender and acceptance by operation of law, in the absence of a contract, express or implied, that the reletting shall be for the tenant's benefit.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    151 N.Y.S.—28

3. LANDLORD AND TENANT (§ 230*)—LEASE—SURRENDER—AFFIRMATIVE DEFENSE—PLEADING.

In a landlord's action for the difference between the stipulated rent and the amount for which the premises were let to a new tenant after being vacated by defendant, the defense of surrender and acceptance was an affirmative defense, not available when not pleaded.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 904–925; Dec. Dig. § 230.*]

4. LANDLORD AND TENANT (§ 194*)—ACTION BY LANDLORD—DEFENSE—SURRENDER AND ACCEPTANCE.

In a landlord's action for the difference between the stipulated rent and the amount at which the premises were let to a new tenant after being vacated by the defendant, the defense of surrender and acceptance is nonavailable as against that portion of the rent due before the premises are relet.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*]

5. APPEAL AND ERROR (§ 203*)—OBJECTION BELOW—DEFECTS OF PROOF.

An objection to defects in the proof, which were merely technical, could not be considered on appeal, when not presented below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1064; Dec. Dig. § 203.*]

6. LANDLORD AND TENANT (§ 200*)—ACTION BY LANDLORD—AMOUNT OF RECOVERY—EXPENSES OF RELETTING.

Where, in a landlord's action for the difference between the stipulated rent and the amount for which the premises were let to a new tenant after being vacated by defendant, it appeared that plaintiff could not relet the premises for defendant's benefit, he was not entitled to recover for the expenses of such reletting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. § 200.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by George G. Baker against Michael J. Donlin. From judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

House, Grossman & Vorhaus, of New York City, for appellant.

Clarence Alexander, of New York City, for respondent.

LEHMAN, J. The plaintiff brings this action for the difference between the amount of rent named in a lease and the amount at which the apartment was let to a new tenant after the premises were vacated by the alleged defendant lessee, for gas and electricity used during the occupancy, and for money paid out for cleaning and advertising the vacated apartment and for brokerage in securing a new tenant. Substantially the answer is a general denial.

Plaintiff offered in evidence a written lease for seven months, and signed, "M. J. Donlin, by E. Hite," and then gave oral testimony to the effect that he had never seen the defendant in his life; that Mrs. Hite, mother-in-law of the defendant, had signed the lease of the premises; that Mrs. Hite and defendant and his wife moved in; that defendant's name appeared on the doorbell, and receipts were made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

out in defendant's name. Mrs. Hite paid him the rent, and he gave her the receipts, and after defendant moved out he paid for cleaning, gas, and electricity, telephone, advertising and brokerage bills, and secured another tenant at $25 a month less than defendant had agreed to pay.

Stem, a witness for plaintiff and owner of the apartment house in question, testified:

That he had let the premises to the plaintiff, who had sublet to defendant. That he saw defendant occupying the apartment, and saw his wife and Mrs. Hite. That the name was not on the doorbell, but on the dumb-waiter downstairs. That plaintiff authorized him to collect the rent while he was out of town, and that he telephoned defendant one morning and asked for the rent. "I said, 'I have an order from Mr. Baker to collect the rent: have you any objection to paying it to me?' He said, 'No;' and I said, 'Can I see you this morning?' and he said, 'No, I am going out of town, but if you come up and see Mrs. Hite I will leave it with her.' He left it with her, and I went up and got the money from Mrs. Hite."

The defendant testified as follows:

"Q. When you were in the apartment, what did you know about the terms of your being there? A. I only know when I was here I was looking for an apartment at one time; my wife was very ill, and we waited until they came back from the country. I remember going to look at several apartments, and one was 520 West 111th street. It was Sunday, and I had to go back to Pittsburg without knowing anything about it, and when I got back the following Sunday they had started to move in. Q. Did you know on what terms they were in there? A. No; I did not know on what terms they were there. I did not ask. I wanted a good place to take my wife, rather than take her to the hospital."

[1] Throughout the case it is clearly inferable that the defendant understood that he was liable for the rent as long as his wife lived there, and that he regarded himself as the actual tenant. He accepted for himself the benefit of the hiring, and if he knew the terms of the hiring and continued to occupy the premises without protest he ratified the lease. From his own testimony, it appears that he did not know the terms of the hiring, because he did not ask or care what the terms were. Certainly the evidence is sufficient to show authority on the part of the defendant's mother-in-law at least to negotiate for an apartment, even if she did not have authority to enter into this particular lease. Under such circumstances the plaintiff was justified in believing at least that the agent would transmit to the principal a report of what she had done, and that then the principal would disaffirm the agent's acts if he did not wish to ratify them. The principal, knowing that the agent had authority at least to negotiate for a hiring, and that she had assumed to hire an apartment for him, was put upon inquiry as to the terms of the hiring, and when he accepted the benefits of the hiring he may be presumed to have ratified the lease. See Sixty Wall Street v. Clevenger (First Dept., November, 1914) reported in 164 App. Div. 191, 149 N. Y. Supp. 657.

[2-4] I agree, however, in the contention that when the landlord relet the premises his act constituted a surrender and acceptance by operation of law, unless there was some evidence which would sustain a finding that the reletting was under an implied contract that such

reletting should be for the benefit of the tenant. See Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576, as explained in the case of Gray v. Kaufman Dairy & Ice Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327. In this case there is no evidence of such an implied contract; but on the other hand, the defense of surrender and acceptance is an affirmative defense, and not only was no such defense pleaded, but the defendant at the trial moved only to dismiss the complaint, and not for the direction of a verdict. Technically, therefore, the defendant is not entitled to claim on an appeal that the defense of surrender and acceptance has been proven, for the plaintiff might, if this point had been properly raised at the trial, have presented evidence to rebut the defense. In any event, however, even if we disregard this technical defect in the pleadings, the surrender and acceptance by operation of law occurs only at the time when the landlord creates an estate inconsistent with the demised estate. In this case, that act occurred only after the December rent was due, and the plaintiff was, therefore, entitled to that rent at least. See Dagett v. Champney, 122 App. Div. 254, 106 N. Y. Supp. 892.

[5, 6] The appellant also raises the point that the plaintiff has recovered for moneys paid by him for gas, electricity, and telephone calls claimed to have been used by the defendant, amounting to $17.43, for expense of cleaning and laundering, amounting to $4, and for expenses of reletting the premises amounting to $14.06, and that there is no competent proof to sustain these items. The defendant, however, failed to object to the proof presented, and at no time pointed out any defects in such proof. Under such circumstances, the recovery of $17.43 for gas, electricity, and telephone calls can be sustained, for the defects of proof are really technical; but the other items of damage cannot be sustained, for, if the plaintiff could not relet for the defendant's benefit, a fortiori he could not recover for the expenses of such reletting.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates within 10 days to reduce his judgment to $167.43, with appropriate costs, in which event the judgment, as modified, should be affirmed, without costs. All concur.