## FOLGER v. RACZEK.

(Supreme Court, Appellate Division, Second Department. April 23, 1915.)

1. LANDLORD AND TENANT ⬯184—RENTS AND ADVANCES—SECURITY.

Where a lease authorized the landlord to re-enter in case the premises should become vacant, and to relet, holding the tenant for deficiencies, an eviction of the tenant in summary proceedings constituted an election to re-enter and terminated the tenancy, and was a waiver of the landlord's claim to a deposit made to secure performance of the lease, except as to rent due.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⬯184.]

2. LANDLORD AND TENANT ⬯184—RENTS AND ADVANCES—RENT DUE ON DISPOSSESSION.

Where summary proceedings to dispossess the tenant had terminated the relation of landlord and tenant, the landlord was entitled to retain, from a deposit securing the lease, rent in advance due before the proceedings were taken.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⬯184.]

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

152 N.Y.S.—66

Submission of controversy between Stephen Lane Folger, as trustee in bankruptcy of John Bensinger, and Louise Raczek. Judgment for plaintiff.

Submission of a controversy under sections 1279–1281 of the Code of Civil Procedure, as to the right to a tenant's deposit made with the landlord to secure the performance of a lease. The bankrupt had leased from defendant certain premises in Brooklyn for five years from June 1, 1913, at the monthly rental of $300, payable in advance on the 1st of each month. The lease provided that, "to guarantee the keeping and fulfilling of this lease, the tenant shall deposit with the party of the first part the sum of nine hundred (900) dollars, on which the landlord agrees to allow interest at the rate of six (6) per cent. per year, the total amount, principal and interest, to apply toward the payment of the rent of the premises for the last four months of this lease." And on June 4, 1913, such a cash deposit was taken and receipted for as security, in accordance with the terms of the lease. The bankrupt paid the rent up to and including the month of October. On nonpayment of the rent due November 1st, defendant resorted to summary proceedings and caused a warrant to be served on the bankrupt, who on November 12th vacated the premises.

On these facts the plaintiff, who was thereafter appointed trustee in bankruptcy of the tenant, claims judgment for $900, with interest from the date of deposit, deducting $10 a day, or $120, for the 12 days in November during the bankrupt's occupancy. This is on the ground that by dispossessing the bankrupt defendant terminated the agreement and released the security. Defendant claims that, notwithstanding her act in dispossessing the tenant, she did not give up her security, or, if the entire $900 may not be so held, that she may hold $300 thereof, being the rent for November.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William B. Hill, of New York City, for plaintiff.

PER CURIAM. [1] The lease contained a clause authorizing the landlord to re-enter in case the premises should become vacant, and then to relet on behalf of the defendant, and to hold the tenant for any deficiency; but this remedy was not invoked. Taking summary proceedings and dispossessing the tenant was an election to re-enter and end the relation of landlord and tenant. By this act defendant waived all claim to the deposit, except to apply it in payment of rent then due or accrued. Caesar v. Rubinson, 174 N. Y. 492, 498, 67 N. E. 58. As the parties did not agree that the sum deposited should be liquidated damages, and, beyond the November rent, no breach or further damages appear, defendant has no ground to keep the whole deposit. Feinsot v. Burstein, 161 App. Div. 651, 146 N. Y. Supp. 939, affirmed 213 N. Y. 703, 108 N. E. 1093.

[2] As plaintiff's brief now concedes, he cannot apportion the November rent, which, being payable on the 1st, was already due before summary proceedings were taken. Berg v. Kaiser, 137 App. Div. 1, 122 N. Y. Supp. 85. Hence defendant rightly holds $300 for the November rent.

Upon this submission, plaintiff should be adjudged $600, with interest from June 4, 1913, to the date of entry of judgment, and also interest on the $300 from June 4 to November 1, 1913, being $7.30, together with costs and disbursements.