(93 Misc. Rep. 458)

### KAMIONER v. BALKIND.

(City Court of New York, Trial Term.   January,   1916.)

1. BANKRUPTCY ☞314(2)—ADMINISTRATION OF ESTATE—DEBTS PROVABLE.
    Rents accruing after the commencement of bankruptcy proceedings are not provable against the estate of either the tenant or his surety.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 470; Dec. Dig. ☞314(2).]

2. LANDLORD AND TENANT ☞208(1)—PRINCIPAL AND SURETY ☞102—RENT —ASSIGNMENT OF LEASE—LIABILITY OF ASSIGNOR.
    The assignment of a lease by the tenant does not discharge him or his surety from liability for rent.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821, 830, 831; Dec. Dig. ☞208(1); Principal and Surety, Cent. Dig. §§ 181–185; Dec. Dig. ☞102.]

3. LANDLORD AND TENANT ☞227—RENT—ACTION FOR DEFICIENCY.
    Where a landlord relets under an option in the lease to re-enter and take possession as agent of the tenant and relet the premises for his account, an action against the tenant for the deficiency after collection of the rent, brought before termination of the term of the lease, is premature, and will be dismissed, but not on the merits.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 877, 878; Dec. Dig. ☞227.]

Action by Lee Kamioner against Joseph I. Balkind upon a contract. Judgment as indicated in opinion.

E. Van Dernoot, of New York City, for plaintiff.
Joseph & Alvin T. Sapinsky, of New York City, for defendant.

LA FETRA, J. Plaintiff seeks to recover upon a written contract, by the terms of which defendant, Joseph I. Balkind, guaranteed the payment of the rent reserved in a lease executed by the plaintiff as landlord and Adolph W. Balkind as tenant for the term commencing July 1, 1912, and ending December 31, 1918, at the annual rental of $6,200, payable in equal monthly payments in advance, and the performance by said Adolph W. Balkind of the covenants contained therein.

The complaint involves two causes of action. The first is for the recovery of the arrears of rent for the months of June, July, August, and September, 1913. The second is to recover for damages, or, more strictly speaking, for any deficiency between the rent reserved in said lease and the net collections by way of rent after re-entry and possession by the landlord as agent of the tenant, under the terms of the lease. The landlord had an option either to cancel the obligations under the same and to assume possession as of his former estate, or to re-enter and to take possession and as agent of the tenant to relet the same for the account of the tenant. In the latter contingency the landlord was to collect the rents from the new tenants, applying the same to the expenses incurred and then towards the rents reserved in the old lease.

[1, 2] The defendant claims a discharge of his obligations under the contract of guaranty by virtue of a subsequent decree in bankruptcy against him and a re-entry by the landlord and surrender by tenant, the principal obligor, because of assignments of the lease and payment of certain rents to the landlord before October 1, 1913; in other words, acts by or on behalf of the landlord which he claims show a cancellation of all obligations of the tenant under the clause of the lease before mentioned and that negative the claim of the plaintiff of a re-entry as agent of the tenant. These defenses are untenable. Rents accruing after the commencement of bankruptcy proceedings are not provable against the estate of either the tenant or his surety. Matter of Roth & Appel, 24 Am. Bankr. Rep. 588, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270; Cotting v. Hooper, Lewis & Co., 34 Am. Bankr. Rep. 23, 220 Mass. 273, 107 N. E. 931; Zavelo v. Reeves, 29 Am. Bankr. Rep. 493, 227 U. S. 625, 33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664. The assignments in question growing out of the lease did not discharge the tenant, but operated as a conveyance of his interest. It gave the landlord an additional claim against the privies in estate of the tenant. Neither did it relieve the surety from his contract. Ettlinger v. Kruger, 146 App. Div. 824, 825, 131 N. Y. Supp. 436; Baker v. Donlin, 88 Misc. Rep. 586, 151 N. Y. Supp. 433; Dagett v. Champney, 122 App. Div. 254, 106 N. Y. Supp. 892; Morgan v. Smith, 70 N. Y. 541; Flank v. Kuhlmann, 63 Misc. Rep. 334, 117 N. Y. Supp. 110; Verschleiser v. Newman, 76 Misc. Rep. 544, 135 N. Y. Supp. 671; Kunzweiler v. Lehman, 34 Misc. Rep. 466, 70 N. Y. Supp. 290; Sachs v. American Surety Co., 72 App. Div. 60, 76 N. Y. Supp. 335, affirmed 177 N. Y. 551, 69 N. E. 1130; Berg v. Kaiser, 137 App. Div. 1, 122 N. Y. Supp. 85; Heydecker v. Hoffman, 75 Misc. Rep. 476, 133 N. Y. Supp. 436; McNulty v. Duffy, 28 Misc. Rep. 779, 59 N. Y. Supp. 592; Folger v. Raczek, 167 App. Div. 167, 152 N. Y. Supp. 1041; McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208; Wilkesbarre Realty Co. v. Powell, 86 Misc. Rep. 321, 149 N. Y. Supp. 209.

[3] The plaintiff elected to rent the premises as agent for the tenant as of October 1, 1913.

The sole remaining obligation of said tenant and his surety is to answer for any deficiency. The second cause of action is prematurely

brought, for a deficiency may never arise under the lease in question. If it does, it can only be determined upon the expiration of that lease. Matter of Hevenor, 144 N. Y. 271, 39 N. E. 393; McCready v. Lindenborn, supra; Harding v. Austin, 93 App. Div. 564, 87 N. Y. Supp. 887; Vogel v. Piper (N. Y. City Ct.) 89 N. Y. Supp. 431; Wilkesbarre Realty Co. v. Powell, supra. In the McCready Case, supra, it is to be noted the deficiency clause provided for rests; i. e., periods before the expiration of the lease, when the amount of the deficiency was to be ascertained. The plaintiff is entitled to recover the rents for June, July, August, and September, after deducting the net collections from those in possession before October 1, 1913. Farren v. McDonnell, 74 Hun, 176, 26 N. Y. Supp. 619; Bank of California v. Webb, 94 N. Y. 467.

I accordingly direct judgment in favor of the plaintiff against the defendant for the sum of $518.27, with interest from September 1, 1913, on the first cause of action, and judgment in favor of the defendant, dismissing the second cause of action (but not upon the merits), to the extent indicated.

Judgment accordingly.