LINDENBERG CORPORATION, Plaintiff, v. HAROLD J. HOWLAND, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Sixth District, April, 1921.)

Landlord and tenant — guaranty payment of rent — assignment of lease — meaning of ''legal representatives''— when guarantor liable to assignee of landlord.

> The term "legal representatives" in a guaranty of payment of rent under a lease, is broad enough to include an assignee of the landlord's interest in the lease.

> In the absence of proof as to the intention of the parties to a guaranty of the payment of rent under an assignable lease which binds and runs in favor of not only the landlord and the tenant but also their respective successors in interest, the guarantor is liable to the assignee of the landlord for the tenant's default in the payment of rent, though the guaranty runs to the landlord and his "legal representatives."

ACTION against guarantor of rent.

Burger & Burger, for plaintiff.

Stetson, Jennings & Russell, for defendant.

MARKS, J.  Leo Lindenberg, being the lessee (not owner) of premises No. 33 West Fifty-fourth street, subleased to Maud W. Serrell and Clio Bracken, as tenants, the first floor of said premises at the rental of $5,500 for thirty months, payable in equal monthly payments of $185 in advance on the first day of each month.  The lease was executed on March 10, 1920, and the term commenced April 1, 1920.  The defendant signed a guaranty printed on the back of the lease, of which the following is a copy.

"In consideration of the letting of the premises within mentioned to the within named tenant, and the sum of one dollar to me paid by the said Landlord, I, Harold J. Howland, do hereby covenant and agree to and with the Landlord above named and his legal representatives, that if default shall at any time be made by the said tenant, in the payment of the rent, and the performance of the covenants contained in the within lease on their part to be paid and performed, that I will well and truly pay the said rent or any arrears thereof that may remain due unto the said Landlord, and also all damages that may arise in consequence of the nonperformance of said covenants, or either of them, without requiring notice of any such default from the said Landlord."

On April 30, 1920, Leo Lindenberg, the landlord, assigned the lease to the plaintiff corporation.  The tenants failed to pay the rent for the months of November, 1920, to February, 1921, inclusive, and these actions are brought against the defendant, as guarantor, to recover the amount of such rent, and costs included in three judgments, recovered against the tenants for three months' rent, and rent for one month for which no judgment has yet been recovered.

In the case of *Evansville National Bank* v. *Kaufman,* 93 N. Y. 273, it is held that a special guaranty

Municipal Court of New York, April, 1921.    [Vol. 115.

contemplates a trust in the person to whom it is addressed, and that no other person can accept its terms or acquire any advantage therefrom. That the surety is entitled to the application of the strict rule of construction, and cannot be held beyond the precise terms of the contract, and that only until a right of action has arisen thereon, is such guaranty assignable.

Citing this case and others to the same effect, the defendant claims that the guaranty is a special one, and is limited to the landlord and " his legal representatives," and that as " legal representatives " means only the executors or administrators of the landlord, and cannot be construed so as to include his assignee, as the landlord assigned the lease to the plaintiff corporation prior to the time when there was a default in the payment of rent, the plaintiff cannot recover on the guaranty.

No proof was offered on the trial as to the intention of the parties to the guaranty. In my opinion, the strict rule of construction of a guaranty applies where it clearly appears that the guaranty was intended only for the benefit of the person or persons expressly named, and there can be no doubt as to the meaning of who was intended to be benefitted thereby, but where it is extended to " legal representatives " which words have not always a clear and defined meaning, but may be held to include other successors in interest than executors or administrators, depending upon the context and the intent with which they are used, the court will favor that construction which shall accord with the apparent intention of the parties, in conformity with the rule governing the construction of contracts generally. To determine this question, the guaranty may be considered in connection with the lease to which it refers and to which it is

attached. *Stillman* v. *Northrup,* 109 N. Y. 473; *Evansville National Bank* v. *Kaufman, supra.*

The phrase '' legal representative '' in the common use of those words and in their ordinary signification, is equivalent to executor or administrator, but it has lost much of its original distinctive force, and is now used to describe others than the representative of a deceased person. The words are not always used in their technical sense nor always with reference to the estate of a decedent. That the meaning to be attached to them in any particular case is often controlled by the context, and the intent with which they are used, as well as by the existing state of things, and the relative situation of the parties to be affected, and that they may be and have frequently been employed as meaning alienee, devisee, grantee, heir, purchaser, successor, and others succeeding to the interest of the person with respect to whom the words are used, is shown in the numerous cases cited in Cyc. (vol. 25, p. 175). The term '' legal representatives '' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law. *N. Y. Mut. Life Ins. Co.* v. *Armstrong,* 117 U. S. 591, 597.

'' When found in instruments other than those relating to the administration of estates, or the affairs of a deceased person, it has been construed sometimes to mean assignees, or a certain class of purchasers, accordingly as it was supposed the parties must have understood it.'' *Warnecke* v. *Lembca,* 71 Ill. 91.

In *Griswold* v. *Sawyer,* 125 N. Y. 411, and *Sulz* v. *Mutual Reserve Fund Assn.,* 145 N. Y. 563, it is held that while the strict technical meaning of the words

is executors or administrators, and they must be so construed in the absence of anything showing a different intent, yet as they are not always used in that sense, it is the province of construction in any case to ascertain the sense in which they were used, and that for that purpose the subject matter and the surrounding circumstances, as well as the language used, may be considered.

Applying the doctrine in the cases above cited, I conclude from a consideration of the lease, and its several parts, and the guaranty, the purpose to be accomplished, and the fair and necessary inferences to be drawn therefrom, that the use of the words " legal representatives " was intended to include the assignee of the landlord, and not only his legal representatives on his decease.

The lease contains a covenant and agreement on the part of the tenants to pay the total rent of $5,500 in equal monthly payments, and also provides: " This lease and every provision hereof shall bind, apply to and run in favor of the landlord, and the tenant and their respective successors in interest."

The guaranty covers default in the payment of rent and default in the performance of any of the covenants of the lease. This is not like a personal guaranty which cannot, before a breach, be transferred so as to inure to the benefit of other parties, but the intention appears to give a guaranty that there would be no breach of the lease, containing a covenant and obligation under and by which the tenants assumed to pay the entire rent, and for the performance and payment of which the guarantor assumed responsibility. The tenants remained liable for the entire sum while the lease was in force, and although a right of action for a month's rent did not accrue until the time fixed for payment, namely, on the first of each month after the

execution of the lease, the liability on their part existed when the lease was executed, the time of payment being only postponed. The liability which the defendant assumed, had been created by the tenants, when the lease was made and the guaranty was signed, and did not arise solely by reason of their default afterwards.

This obligation and liability for the entire rent while the lease was in force, under the covenant on the part of the tenants to pay it, as well as all other covenants and terms of the lease, the defendant must be presumed to have known, as under his guaranty he makes himself liable for any default in the performance of the " covenants contained in the within lease," on the part of the tenants to be performed, without requiring notice of any such default.

There is no provision in the lease that the landlord cannot assign it, and providing, as it does, that it shall inure to the benefit of the successor in interest of the landlord, which must be read in connection with the guaranty, which refers to the lease, it is a fair and necessary inference that the defendant understood that impliedly, if not expressly, the landlord had the right to and might assign the lease, and that his rights thereunder would pass to his assignee, his successor in interest, which the words " legal representatives " in the guaranty were intended to include or were sufficiently broad to cover. As such assignee and successor in interest, the plaintiff is entitled to maintain these actions, and judgment is awarded in its favor in each action. See, also, *Flank* v. *Kuhlmann,* 63 Misc. Rep. 334; *Verschleiser* v. *Newman,* 76 id. 544.

Judgment accordingly.