FANNY WALLACH, Plaintiff, *v.* JOSEPH GERSON CORPORATION, Defendant.

City Court of New York, Bronx County, February 5, 1930.

*Percy J. Levitas*, for the plaintiff.

*Herman Schneckner*, for the defendant.

DONNELLY, J.    The action is to recover damages for the alleged wrongful eviction of the plaintiff by defendant.    The second cause of action alleges that the defendant has re-rented the premises. The plaintiff sues for the difference between the rent reserved in the lease between herself and the defendant and the rent reserved in a lease alleged to have been made between the defendant, as landlord, and one Morgenstein, as tenant.    Under the terms of the lease to plaintiff, it is provided that if the premises shall become vacant during the term thereof, or should the tenant be evicted by summary proceedings or otherwise, the landlord may relet, and that any surplus shall be paid to the tenant.    The plaintiff's lease is for three years, and it does not expire until June 30, 1931.    Plaintiff alleges she was wrongfully and forcibly evicted by the defendant in October, 1928; a reletting to Morgenstein in the same month, and a surplus of $645.

This action was commenced November 22, 1929.    Plaintiff contends she is at least entitled to recover for the months of October and November, 1928, and that the defendant's attack upon her second cause of action is directed, really, not to her right to recover, but to the extent of her recovery.

Under the terms of the lease, if the landlord relet, he is to apply any moneys collected, first to the expenses of resuming or obtaining possession, and then to the payment of the rent and all other charges due the landlord.    Then, if there be any surplus, it is to be paid to the tenant; but, if there be a deficiency, the tenant remains liable therefor.

Whether a surplus or a deficiency ensues, cannot definitely be determined until the expiration of the term of the lease.    The second cause of action is, therefore, premature, and the motion to strike it out and dismiss it is granted (*Kamioner* v. *Balkind*, 93 Misc. 458; to the same effect, *Hermitage Co.* v. *Levine*, 248 N. Y. 333), as is likewise the motion to vacate the second item of plaintiff's notice to examine.    As to the first item, the motion is denied, and the examination is allowed, not as to whether, since October, 1928, the defendant has prevented the plaintiff from entering upon and continuing her business in the premises in question, but to show affirmatively the facts in relation thereto.    (*Gaydica* v. *Szemko*, 219 App. Div. 835.)