## DAGETT v. CHAMPNEY.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. LANDLORD AND TENANT—RIGHTS AND LIABILITIES—HOLDING OVER AFTER EXPIRATION OF TERM.

Where a tenant having a lease for a year holds over at the expiration of his term, the law implies an agreement on his part to hold for another year on the same terms at the option of the landlord.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 284, 378.]

2. SAME—TERMINATION—SURRENDER BY OPERATION OF LAW—WHAT CONSTITUTES.

In order to constitute a surrender by operation of law, there must not only be an abandonment of the premises by the tenant, but also an acceptance thereof by the landlord.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 353.]

3. SAME.

The mere sending by the tenant of the keys of leased premises to the landlord before the expiration of the term does not of itself constitute a surrender.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 365.]

4. SAME—PROCURING NEW TENANT.

Where a tenant offered to surrender premises before the expiration of the term, and abandoned them, sending the keys to the landlord, the sub-

sequent procuring of a new tenant by the landlord and putting him in possession constituted an acceptance of the surrender, relieving the tenant from liability for rent thereafter, but not for that accrued up to that time.

Appeal from Trial Term, Warren County.

Action by Forest Dagett against Emelie M. Champney. From a judgment for plaintiff, defendant appeals. Affirmed.

The action is for rent. On the 1st of May, 1905, the defendant entered into a written lease under seal with Julia E. McCann, the plaintiff's assignor, by which she leased certain premises in Glens Falls for the term of one year, to commence on the 1st day of May, 1905, and to terminate on the 30th day of April, 1906, at a rental of $25.50 per month, payable monthly in advance. The defendant entered into possession of the premises, and occupied them during that year. She held over and continued to occupy the premises after the expiration of her lease and until about the 1st day of August, 1906. She paid rent during her entire occupancy. There was no agreement between the defendant and said McCann for such holding over, and there was no other agreement between them than the lease mentioned. About the 1st day of August, 1906, the defendant offered to surrender the property to said McCann, but such surrender was not accepted until about the middle of October, 1906, when Mrs. McCann leased the premises to another tenant. This action is for the rent for the months of August, September, and October, 1906. The court on the trial found the facts above stated, and awarded judgment for the plaintiff, who is the assignee of Mrs. McCann of said lease and all rights of action thereunder. From such judgment, the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James H. Bain, for appellant.
Daniel J. Finn and Walter A. Chambers, for respondent.

CHESTER, J. Where a tenant, having a lease for a year, holds over at the expiration of his term, the law implies an agreement on his part to hold for another year upon the terms of the lease, and the option is with the landlord to so regard it. Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, 28 Am. St. Rep. 636; Ackley v. Westervelt, 86 N. Y. 448; Schuyler v. Smith, 51 N. Y. 309, 10 Am. Rep. 609. That principle, however, is not seriously contended against by the appellant. Her principal claim is that she effectually surrendered possession of the premises on the last of July, 1906. The proof in this respect shows that on the 30th day of July the defendant wrote a letter to Mrs. McCann's attorneys, who were authorized to act for her in the matter, inclosing the key of the premises, and then left Glens Falls without informing them as to her whereabouts. Before that she had been told that the landlord had elected to regard her as a tenant for another year, and expected her to pay the rent in accordance with the terms of the original lease. The attorneys on July 31, 1906, immediately upon the receipt of the key, wrote two letters to the defendant, in one of which they inclosed the key, and in the other, to a different address, stated that they had returned the key to her in another inclosure, and that, in case it did not reach her, and was returned to their office, they would hold it there at her disposal, as the landlord would not consent to a surrender of the lease. This letter was received by the defendant, but the one containing the

key was returned to the attorneys, who retained it until the middle of October, when the key was delivered to a new tenant. The court has found upon this evidence that on or about the 1st day of August, 1906, the defendant, in violation of her agreement, attempted to surrender the premises, but that said attempted surrender was not accepted by the landlord, and said premises were not surrendered; and that there was no surrender of the lease prior to the time that the rent for August, September, and October, 1906, became due and payable from the defendant under and by virtue of the lease as so renewed. These findings are supported by abundant evidence, and that is decisive of the case against the defendant.

In order to constitute a surrender by operation of law, there must not only be an abandonment of the premises by the tenant, but also an acceptance thereof by the landlord as a surrender. The mere sending of the keys to the landlord did not of itself constitute a surrender. 24 Cyc. 1373. The landlord's act, however, in procuring a new tenant in October, and putting him in possession of the premises, did constitute an acceptance of the surrender, and from that time the defendant was released from the payment of any further rent, but such acceptance did not relate back to the time when she undertook to surrender by sending the keys to the landlord. She had prompt notice that such surrender would not be accepted so there was at that time no mutuality between the parties. The judgment covers only the rent which accrued before the new tenant was obtained. For this the defendant was clearly liable, as there had been no acceptance of her proffered surrender of the premises until that time.

There is nothing in the case of Gray v. Kaufman Dairy & I. C. Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327, cited by the appellant, inconsistent with this view.

The judgment should be affirmed, with costs. All concur.