In the Matter of the Application of ANDREW KINUM, Landlord, Appellant, for the Removal of ELIZABETH W. KINUM, Tenant, Respondent, from Certain Real Estate.

Third Department, July 7, 1921.

**Landlord and tenant — summary proceedings to dispossess — tenant dying one week after expiration of year — widow not entitled to possession for remainder of year where notice to quit served about six weeks after expiration of year.**

The widow of a tenant is not entitled to hold possession as against the landlord where it appears that her husband, who was a tenant from year to year, died about one week after the expiration of the year and that the landlord served notice on her to give up possession about six weeks after the expiration of the year, for the option is with the landlord to regard the holding over by his tenant as an implied agreement on the part of the tenant to hold for another year or to treat the tenant as a trespasser.

APPEAL by the petitioner, Andrew Kinum, from an order of the County Court of the county of Schenectady, entered in the office of the clerk of said county on the 20th day of

March, 1919, dismissing the petition, and also from an order entered in said clerk's office on the 22d day of March, 1919, denying petitioner's motion to set aside the verdict and for a new trial made upon the minutes.

*Borst & Smith* [*Homer J. Borst* of counsel], for the appellant.

*Harry G. Coplon*, for the respondent.

Woodward, J.:

The petition of Andrew Kinum, of the city of Schenectady, alleges that on or about the 1st of October, 1914, John Kinum, now deceased, went into the employ of the petitioner upon a farm owned by said petitioner for an agreed compensation, including the rental of a house upon the farm; that the said John Kinum continued in the employment until his death on the 23d day of October, 1918; that since said time the widow of John Kinum has continued in possession of the said premises as a tenant at will or sufferance of the petitioner, and that on or about the 30th day of November, 1918, the petitioner caused to be served upon said Elizabeth W. Kinum a notice to vacate, deliver and surrender up possession of the said premises on or before January 1, 1919; that the tenancy was thus terminated and that the tenant holds over and continues in possession after the expiration of said term without the permission of the petitioner. Application is made for a final order dispossessing the tenant.

The answer of Elizabeth W. Kinum admits ownership in the petitioner, the receiving of the notice to remove, and denies the other allegations of the petition, setting up as an affirmative defense that John Kinum died on or about the 23d day of October, 1918; that thereafter and on or about the 9th day of November, 1918, she applied for and received letters of administration; that heretofore and on or about the 15th day of October, 1917, the said John Kinum entered upon the premises as tenant of his father, the petitioner, at a rental of $150; that the said John Kinum, deceased, continued to occupy the said premises after the expiration of the term of one year, and that by reason thereof said lease

automatically renewed itself for the period of another year terminating October 15, 1919. The petitioner replied, denying the matters alleged in defense.

The case went to trial, resulting in an order dismissing the petition, and the petitioner appeals therefrom.

Assuming the facts as they must have been found by the jury, that John Kinum became the tenant of the petitioner for a period of one year, and that he held over during the period from October 15, 1918, to the twenty-third day of October in the same year, when he died, how can this be a defense to the proceeding for the removal of the widow? The rule is undoubted that where a tenant having a lease for one year holds over at the expiration of his term the law implies an agreement on his part to hold for another year upon the terms of the lease, but the option is with the landlord to so regard it or to treat the tenant as a trespasser. (*Schuyler* v. *Smith*, 51 N. Y. 309, 314; *Haynes* v. *Aldrich*, 133 id. 287; *Dagett* v. *Champney*, 122 App. Div. 254.) In this case the landlord has elected to treat the widow as a trespasser; he has given proper notice, and under the provisions of the Code of Civil Procedure (§§ 2231, 2232 *et seq.*) he is entitled to the order applied for in his petition. The court was clearly in error in refusing to charge the law as requested by the petitioner.

The orders appealed from should be reversed, and the petitioner should have the relief prayed for in his petition.

All concur.

Orders reversed, without costs, and relief granted to the petitioner in accordance with the opinion.