SCHINE-OSWEGO CORPORATION, Plaintiff, *v.* LOUIS TROVATO et al., Defendants.

Municipal Court of the City of Syracuse, February 11, 1948.

*Joseph L. Petrunick* for plaintiff.

*D. Daniel Pananicles* for Steven A. Strait, defendant.

SKERRITT, J. The plaintiff, lessor, has brought this action against the defendants, as tenants, to recover unpaid rent for a liquor store owned by the plaintiff, located at No. 426 South Salina Street, Syracuse, N. Y., for the months of December, 1947, and January, 1948, in the amount of $1,250.

It appears that plaintiff's assignor, the S. K. E. Operating Co., Ltd., former owner of this property, leased the same as a liquor store to defendant, Strait, herein referred to as the tenant, by a lease in writing dated May 13, 1946, for a term of two years from June 1, 1946, to May 31, 1948, at a minimum rental of $625 per month.

On January 24, 1947, when said tenant had been in possession for about eight months, he assigned his interest in the

lease to the defendant, Trovato, herein referred to as the assignee, by an assignment dated the said 24th day of January, 1947, whereby said assignee took over the lease " from the 1st day of February, 1947, for all the rest of the term mentioned in said lease, * * * subject to the rents, covenants, conditions and provisions therein ". Said assignment also provided that the assignor tenant represented the lease as valid; that the lessor's written consent was annexed; and that the assignee assumed the performance of all of the terms of the lease, including the payment of an increased rental of $675 per month.

Said consent, dated January 27, 1947, expressly provided that it was given " on condition that the said * * * Strait shall remain liable for the payment of the minimum guaranteed rental reserved in said lease, to wit, the sum of $625 per month, and for the performance of all other terms * * * of said lease ".

When this consent was given the lessor executed and delivered to the tenant and the assignee an extension agreement, dated January 23, 1947, extending the term of the lease for an additional period of four months, until September 30, 1948, which extension agreement provided that it was made subject to the terms of the original lease, as amended by the assignment and consent, and subject to the granting of a liquor license to the assignee, Trovato. Pursuant to this assignment, consent and extension, said assignee obtained his license and went into possession on February 1, 1947, and paid the increased rental. Subsequently, on July 1, 1947, the lessor sold and transferred its interest in the lease and demised premises to the plaintiff herein; and the latter then collected the rent from the assignee until December 1, 1947, when he defaulted. No rent has been paid for December or January, and the plaintiff has taken a default judgment therefor against the assignee, Trovato. The question is whether plaintiff can now recover against the original tenant, Strait.

This defendant has raised two defenses: (1) That the assignment, and the extension at an increased rental, effected a cancellation of the original lease, and terminated Strait's liability. (2) That if the original lease of the liquor store was not cancelled, performance by Strait has become impossible, because

he surrendered his liquor license when he assigned the lease, and cannot get another.

I think the first defense is disposed of by the express provision in the lessor's consent, that the original tenant should remain liable for the payment of rent, and for the performance of all other terms of the lease. Even without such reservation, however, the original tenant would remain liable. (2 New York Law of Landlord and Tenant, §§ 536–537, and cases cited.) A surrender of the lease cannot be implied against the apparent intention of the parties. (*Coe* v. *Hobby,* 72 N. Y. 141.) A surrender by operation of law requires not only an abandonment of the premises by the tenant, but an acceptance thereof by the landlord as a surrender. (2 McAdam on Landlord and Tenant [5th ed.], § 321, p. 1359, citing *Dagett* v. *Champney,* 122 App. Div. 254, 256.)

As to the defense that performance became impossible when defendant surrendered his liquor license, it is well settled that a party who makes his performance of a contract impossible does not thereby discharge himself from liability. This is " true of any kind of impossibility known to or forseeable by the promisor, or caused by him ". (6 Williston on Contracts [Rev. ed.], § 1959, p. 5496; § 1963, and New York cases cited.)

Judgment for plaintiff against defendant, Steven A. Strait, in the amount of $1,250, with interest from January 1, 1948, and costs.